## SHOTWELL & CO. *vs.* GILKEY'S ADM'RS.

[ASSUMPSIT UNDER CODE ON SPECIAL CONTRACT.]

1. *How to take advantage of misjoinder of counts.*—A misjoinder of counts in the original and amended complaint cannot be reached by a demurrer to the amended complaint.

2. *Who may sue on promise to one for benefit of another.*—When a promise is made to one person, for the benefit of another, either one of them may maintain an action for its breach.

3. *Who is proper party plaintiff as person really interssted.*—Where a debtor places notes and other choses in action in the hands of another person for collection, the proceeds to be paid over to his creditors, the debtor himself may maintain an action at law for a breach of the contract.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by the appellants, as partners, against the administrators of William M. Gilkey, deceased, as one of the partners in the late firm of Gilkey & Davis. The original complaint was, in substance, as follows: "The plaintiffs claim of the defendants, as administrators as aforesaid, the sum of $108 10, due on a bill of exchange which was drawn by one John Young, on the —— of ———, for that amount, upon the late firm of Davis & Gilkey, (one of whom was defendants' intestate,) and accepted by them, payable to J. L. Shotwell, on the 15th April, 1849;" also, "the sum of $88 22, due on a bill of exchange drawn by one A. S. Horton, on the —— day of ———, for that amount, on the firm of Davis & Gilkey, and accepted by them, payable to J. L. Shotwell & Co., on the 10th March, 1849;" also, "the sum of $100, due on a bill of exchange drawn by one Joel Glass, on the —— day of ———, for that amount, on the firm of Davis & Gilkey, and accepted by them, payable to J. L. Shotwell & Co., on the 15th March, 1849;" also, "the sum of $40 52, due on a bill of exchange drawn by one S. R. Simmons, on the —— day of ———, for that amount, on the late firm of Davis & Gilkey, and accepted by them,

payable to J. L. Shotwell & Co., on the 15th March, 1849;" also, "the sum of $138 88, due on a bill of exchange drawn by one T. G. Sheppard, on the —— day of ————, for that amount, on the late firm of Davis & Gilkey, and accepted by them, payable to J. L. Shotwell & Co., on the 1st March, 1849; all of which said bills of exchange, with the interest thereon, are now due and unpaid. The plaintiffs also claim of the defendants $132 76, for so much money had and received from the said plaintiffs, to the use of said *defendants*, before the 30th March, 1847;" also, "the sum of $608 48, for money had and received from the plaintiffs, to the use of said Davis & Gilkey, before the 1st May, 1849;" also, "the sum of $608 48, on an account stated between plaintiffs and defendants' intestate, as a member of said firm of Davis & Gilkey, on the 7th June, 1849; all of which sums of money, with the interest thereon, are now due and unpaid."

An amended complaint was afterwards filed, by leave of the court, which was in these words:

"The plaintiffs, late partners, &c., as aforesaid, claim of the defendants, administrators as aforesaid, the sum of $608 48, with interest thereon, for this: On (to-wit) the 24th November, 1848, the plaintiffs, under the firm and style of J. L. Shotwell & Co., were indebted to a certain mercantile firm of Coffin & Griggs, in the sum of $590 57, by promissory note, dated Mobile, March 27, 1847, payable twelve months after date to said Coffin & Griggs, negotiable and payable at the Bank of Mobile; and, being so indebted, plaintiffs delivered to defendants' intestate, said William M. Gilkey, on the 24th November, 1848, certain claims, commonly called drafts, then in the possession of and belonging to plaintiffs, that is to say:" (describing the drafts as in the original complaint, and adding "one other note for $68 65, made by Mrs. Lucy Howard, and payable at the office of said Davis & Gilkey, March 1st, 1849;") "and defendants' intestate then and there received said claims, and promised to collect and apply the same to the payment of plaintiffs' said note to said Coffin & Griggs. And plaintiffs aver, that said

Gilkey, of the firm of Davis & Gilkey, was and is defendants' intestate, and was liable to pay said drafts as they respectively became due, and then and there promised plaintiffs to pay the same at maturity, and, on said 24th November, 1848, the day he received said drafts, promised plaintiffs to collect and apply the same to the payment of plaintiffs' said note to Coffin & Griggs. And plaintiffs further aver, that John H. Glass and Mrs. Lucy Howard were solvent and able to pay said notes on them respectively; that defendants' intestate, when he received the same, promised plaintiffs to collect the same, and to apply the money to the payment of said note to Coffin & Griggs; that said intestate, for collecting said claims, and applying the same as aforesaid, was to receive a reasonable reward, to be paid to him by said plaintiffs, and his said promises were made in consideration of said reasonable reward, which plaintiffs promised to pay him at the time his said promises were made; that said intestate, at the time said drafts became due, received the money on the same, and also received the money on said notes; yet said intestate, not regarding his said promises, did not apply said money to the payment of said note to Coffin & Griggs, nor did he ever pay the same to plaintiffs, nor have said defendants, as his administrators, since his death applied said money to the payment of said note, nor paid the same to plaintiffs, although often requested by plaintiffs so to do," &c.

The defendants demurred to the amended complaint, "in short by consent," on the following grounds: "1st, because the complaint shows the right of action to be in Coffin & Griggs, and not in the plaintiffs: 2d, because the complaint is double, and shows a misjoinder of causes of action; and, 3d, because said amended complaint discloses a cause of action requiring the assignment of a special breach, which cannot be united with any of the causes of action in the original complaint." The court sustained the demurrer, and, on the plaintiffs' declining to amend, rendered judgment for the defendants; and its ruling is now assigned as error.

H. S. SHELTON, and E. W. PECK, for appellants.

T. REAVIS, and S. F. HALE, *contra.*

WALKER, J.—The question which was chiefly argued before us was, whether or not there was a misjoinder of counts. It was contended, that the amended complaint sets forth a contract requiring the averment of a special breach, while the original complaint set forth a contract which only required the assignment of a general breach; and that, therefore, there was a misjoinder of causes of action, under section 2235 of the Code. The last complaint in the case is entitled an amended complaint, and not an amendment to the original complaint. We, therefore, consider it to be meant by the term " amended complaint " in the pleading. The demurrer was only to the amended complaint, which contains but one count. If it were conceded that the original complaint was not waived, a demurrer to the entire declaration would have been the only means of raising the question of a misjoinder of counts.—Kent v. Long, 8 Ala. 44; Chandler v. Holloway, 4 Porter, 17; Jefford v. Ringgold, 6 Ala. 544; 1 Chitty on Pleading, 205–206. The demurrer in this case, applying only to the amended complaint, would not present the question of misjoinder of counts, and should, as to the assignment of such misjoinder as a ground of demurrer to the amended complaint, have been overruled.

2. Where one, for a sufficient consideration moving from another indebted to a third person, promises him so indebted to pay his creditor, a failure to comply with the contract gives a right of action, either to the promisee, or to the person for whose benefit the promise was made. The law was so settled by us, at the last term, in the case of Mason v. Hall, upon the clearest and most satisfactory authorities.

3. The amended complaint does not aver an assignment of the choses in action therein described, to the defendants' intestate as a trustee, the assent to which by the plaintiffs' creditors, being the beneficiaries, would be presumed. To constitute such an assignment a conveyance,

a transfer of the title would be necessary. There was, upon the facts averred, no conveyance or transfer of title. There was a mere contract to collect certain debts, placed in the hands of the defendants' intestate, and to pay over the money to the creditors of the plaintiff. By the breach of this contract, the plaintiff has been injured, and has a right of action.

The court erred, in sustaining the demurrer to the amended complaint; and for that reason, the judgment of the court below is reversed, and the cause remanded.