The State of Iowa v. Brant.

## THE STATE OF IOWA v. BRANT.

1. INJURY TO A CHURCH. Malicious injury to a church building is an indictable offense, under § 4326 of the Revision of 1860.

2. MALICIOUS INJURY. In an indictment for malicious injury, it is sufficient to aver ownership without setting out the character of the title or interest.

3. GRANT TO TRUSTEES AND THEIR SUCCESSORS. Where a grant of church property was to certain elders of an unincorporated society named, and to their successors, it was held sufficient, on the trial of an indictment for malicious injury to such building, to show ownership in such successors by showing their election, according to the forms and usages of the society.

4. IMPEACHMENT OF WITNESSES. Witnesses introduced for the purpose of impeaching another witness, may, if they give any other material testimony, be impeached.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 4.

INDICTMENT for willful and malicious injury to a church. Demurrer, for causes stated in the opinion of the court, was overruled. The jury returned a verdict of guilty, whereupon the defendant moved the court to set aside the verdict, and grant a new trial. This motion was overruled and judgment entered on the verdict. The defendant appeals.

*Clark & Brother* for appellee.

*Nourse* (Attorney General) for the State.

WRIGHT, J.—The indictment charges that defendant did, in October, 1860, "Willfully and maliciously injure and deface a certain church building, commonly called a church, of the value of one thousand dollars, &c., the property of J. L., J. S. and N. G., as elders of the Church of God, to the great damage of the said J. S., &c., as such elders, by breaking in the windows of said church building, and splitting and breaking the doors of the same, contrary, &c."

It is objected that the District Court had no jurisdiction, as by § 4327 the maximum punishment for the offense described is fixed at a fine of one hundred dollars or imprisonment in the county jail for thirty days. We understand the indictment, however, to be drawn under the preceding section (4326), for willfully and maliciously injuring the house named. If the injury or destruction is malicious, whether to a church or a private building, the offender may be indicted under § 4326. The statute in these two sections recognizes a distinction between a malicious and a willful act.

It is next objected that it is not shown what right, title and interest the persons named had in the church of God &c. We understand the language used by the pleader to

mean that J. S. and others held the legal title to this property, in trust, for the church named. To charge that it was their property is sufficient, without setting out the character of the title or interest. Nor was it necessary that it should be shown that the church had a corporate existence.

On the trial, the State introduced a deed showing the conveyance of the real property described in the indictment, to the two persons "as Elders of the Church of God," in trust, &c., "and their successors." It was then shown by oral testimony that the persons named in the indictment, were, at the time of the commission of the offense, the Elders of the Church, and successors to those to whom the conveyance was made by the said deed.

It appeared in this connection, that there was no record in existence of the election of such trustees, and that none had been kept. To all this testimony defendant objected, and his objection was overruled. It is insisted that the legal title to this property, if anywhere, is in the grantee named in the deed, and that it could not vest in others without some written transfer, or some proceedings of record or evidence by writing. The title was, however, in the grantees, as Elders, and their successors in office. When these successors are elected according to the forms and usages of the society (a society possessing no corporate powers), this is sufficient so far as averring ownership is concerned, in an indictment of this character.

It is finally assigned as error, that the court permitted the State to impeach the impeaching witnesses of the defendant. The point made does not arise. It does not affirmatively appear but that the witnesses of defendant were interrogated upon other matters than the moral character of one of the witnesses for the State. If they did give material testimony upon other points, of course it was competent to attempt to impeach them.     Affirmed.