No. 9222.

## PHILLIPS *v.* THORN.

Witness.—*Credibility.*—*Impeachment of Impeaching Witness.*—*Evidence.*—The character of an impeaching witness for truth and veracity may be itself attacked, and may be sustained by countervailing proof.

From the Henry Circuit Court.

*J. Brown*, for appellant.

Niblack, J.—Action by Thorn against Phillips for false imprisonment. Verdict for the plaintiff, assessing his dam-

ages at ten dollars; new trial refused, and judgment on the verdict.

At the trial the defendant testified as a witness in his own behalf.

The plaintiff in reply, amongst others, called one Silas Nugen as an impeaching witness, who testified that the defendant was a man of bad moral character, and had also a bad character for truth and veracity.

After the plaintiff had concluded, in reply, the defendant was permitted to introduce further evidence in his defence. The defendant thereupon called one Thomas Nugen as a witness, and asked him if he was acquainted with the general character of Silas Nugen for truth and veracity in the neighborhood in which he lived. The court refused to permit the witness to answer that question, upon the ground that the credibility of an impeaching witness could not be impeached by proof of his general bad character for truth and veracity, and that ruling is complained of here as having been injurious to the defendant.

The authorities bearing directly upon the point thus presented are very meager; but Wharton, in his treatise on the Law of Evidence, lays down the rule that the character of an impeaching witness for truth and veracity may be itself attacked, and may be sustained by countervailing proof. Vol. 1, section 568.

This rule is either directly or inferentially supported by decided cases in several of the States, and is not opposed by any case or text-writer to which our attention has been called.

The character of a witness for truth and veracity either is, or may always be made, an important element in the decision of any cause in which he is required to testify, and we know of nothing, whether resting on principle or based upon public policy, which ought to place the character of an impeaching witness in that respect in a position different from that of any other witness.

Any other rule than the one laid down by Wharton as

above would afford an immunity to impeaching witnesses of bad repute inconsistent with the proper administration of justice, and which might operate most injuriously in very many special and particular cases. *Starks* v. *People*, 5 Denio, 106; *State* v. *Brant*, 14 Iowa, 180; *State* v. *Moore*, 25 Iowa, 128; *State* v. *Cherry*, 63 N. C. 493; *Long* v. *Lamkin*, 9 Cushing, 361; *Citizens, etc., Ins. Co.* v. *Short*, 62 Ind. 316.

In our opinion, therefore, the court below erred in refusing to permit Thomas Nugen to answer the question addressed to him as herein above stated.

As we have no brief for the appellee, and as the judgment will have, in any event, to be reversed, we will omit any reference to some other questions discussed by counsel.

The judgment is reversed, with costs, and the cause remanded for a new trial.