[Filed May 19, 1890.]

## STATE OF OREGON, Respondent, *v.* HENRY WRIGHT AND JAMES ALLEN, Appellants.

Indictment—When Sufficient Under Section 1270, Hill's Code.—Under this section when the forms of indictment given in the appendix to the Code are inapplicable, other forms, as nearly similar as the case will permit, may be used.

Burglary—Indictment Under Section 1760, Hill's Code—Name of the Owner of the House Broken Not Given in the Indictment.—Form No. 13 given in the appendix to the Code is for the crime of burglary defined by section 1758 and is sufficient though it does not give the name of the owner of the building. An indictment for burglary under section 1760, otherwise sufficient, which does not give the name of the owner of the building broken and entered, is sufficient under section 1270 of the Code. Such an indictment is as nearly similar to the form given in the appendix to the Code as the nature of the case would permit.

Appeal from Union county: Jas. A. Fee, judge.

The grand jury of Union county, Oregon, returned into court the following indictment, omitting the caption and introductory part: "Henry Wright and James Allen are accused by the grand jury of the county of Union, and State of Oregon, by this indictment, of the crime of burglary, committed as follows: The said Henry Wright and James Allen, then and there, acting together, on the twenty-eighth day of November, A.D., 1888, in the county of Union and State of Oregon, unlawfully, feloniously and burglariously broke and entered a granary, the same being then and there a building in which there was at the time property kept, to wit, wheat, the same being then and there the personal property of one John N. Smith, with the intent then and there and thereby they, the said Henry Wright and James Allen, the said wheat so kept, in said granary as aforesaid, unlawfully and feloneously to take, steal and carry away, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated at Union, in the county aforesaid, this twenty-sixth day of September, A.D., 1889.

"J. L. Rand, district attorney."

The defendants were duly tried thereon and found guilty by a jury and sentenced to the penitentiary for the

term of three years each. After their conviction and before sentence they moved an arrest of judgment for the reason the name of the owner of the building alleged to have been broken by them is not stated in the indictment. This motion was overruled by the court, to which an exception was taken, and that presents the sole question on this appeal.

*T. H. Crawford,* for Appellants.

*J. L. Rand,* district attorney, and *J. J. Balleray,* for Respondent.

Strahan, J., delivered the opinion of the court.

The motion to arrest the judgment made by the appellants presents but one question and that is the sufficiency of the indictment. The point of objection is that in an indictment for the crime of burglary the ownership of the building broken must be alleged. To support this contention counsel for appellants cites these authorities: 1 Bishop's Cr. Pr., §§ 137, 573, 586; *Com.* v. *Perris,* 108 Mass. 1, 3; *State* v. *Brant,* 14 Iowa, 180; *Peels* v. *State,* 5 Am. Cr. R. 96; *Beall* v. *State,* 53 Ala. 460; *State* v. *Fockler,* 22 Kan. 542; *State* v. *Morrissey,* 22 Iowa, 158; *Wallace* v. *State,* 63 Ill. 451; *Jackson* v. *State,* 55 Wis. 589. There is no doubt of the common law rule, and that these authorities correctly declare it; and if the principle is unaffected by our Code of Criminal Procedure, the judgment appealed from is erroneous and must be reversed.

Section 1269, Hill's Code, gives a general form of indictment, which may be readily varied by the prosecutor without changing its substance, so as to reach any crime defined and made punishable by the Code; and section 1270 is as follows: "The manner of stating the acts constituting the crime, as set forth in the appendix to this Code, is sufficient, in all cases when the forms there given are applicable, and in other cases forms may be used as nearly similar as the nature of the case will permit."

Turning to the appendix we find but one form given for the crime of burglary, which is No. 13, and is as

follows: "Broke and entered in the night-time, a dwelling-house, in which there was at the time a human being, namely, one C. D. (or whose name is unknown to the grand jury, as the case may be), with intent to commit larceny (or other crime, describing it generally) therein, by forcibly bursting or breaking the wall (or an outer door or a window, or shutter of a window) of such house (or as the case may be)."

This form is for the crime of burglary defined by section 1758, Hill's Code, which is for breaking and entering such dwelling in the night-time with a particular feloneous intent or the commission of certain acts therein after entry. Section 1759 declares the same acts punishable when committed in the day-time, and the punishment is graded to about one-third less punishment than the preceding section.

Section 1760 defines the crime for which the appellants were convicted. It provides: "If any person shall break and enter any building within the curtilage of any dwelling-house, but not forming a part thereof, booth, tent, railway car, vessel, boat or other structure or erection in which any property is kept, with intent to steal therein, or to commit any felony therein, such person shall be deemed guilty of burglary, and punished by imprisonment in the penitentiary not less than two nor more than five years."

It will be observed that the form of indictment for burglary under section 1758 does not give the name of the owner of the building charged to have been broken and entered. Under the language of the Code, and the repeated decisions of this court, such an indictment would be held good in this State, and I think we are bound to give some effect to the latter part of section 1270, *supra*, and to hold an indictment good when no form is given in the appendix, but where the form actually used is as nearly similar to the forms given in the appendix as the nature of the case would permit. It was not claimed in this case that the form of this indictment was not as nearly similar to the form given in the appendix as the nature of the case

would permit, or that its form was objectionable in any way except in the particular pointed out.

Within the principle of the Code referred to, we think the indictment was sufficient and that the court did not err in overruling appellants' motion in arrest of judgment. The judgment must therefore be affirmed.