# Rice v. Rice.

## Action on a Promissory Note.

1. *Action on note; can be maintained by trustee in his own name.*—Notwithstanding the statute (Code, § 2594), provides that "actions upon promissory notes must be presented in the name of the party really interested," one to whom a note is made payable, as trustee for others, can maintain an action in his own name; the plaintiff in such suit, as payee of the note, having the legal title thereto, and being a party to whom payment could be efficaciously made and who could legally discharge the debtor.

2. *Same; consideration of note; gift by defendant.*—A gift legally made confers on the donee the title to the property given; and if, after a gift, the property given is converted into money, and the trustee of the donee loans the money to the donor, and takes his promissory note therefor, the maker of such note cannot defeat recovery in an action thereon by proof of these facts under a plea of want of consideration; the debt of the maker of the note being as binding upon him as if the money loaned him had been derived from an entirely different and independent source.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

CHARLES WILKINSON, for appellant.

EDWARD A. GRAHAM, *contra.*—The court did not err in refusing to allow the second amendment.—*Laird v. Moore*, 27 Ala. 326 ; *Friend v. Oliver*, 27 Ala. 532 ; *Fowlkes v. Railroad Co.*, 38 Ala. 310 ; *Stodder v. Grant*, 28 Ala. 419 ; *Western Railway of Ala. v. McCall*, 89 Ala. 373 ; *Mahan v. Smitherman*, 71 Ala. 563.

There was no consideration for the note.—*Kenan v. Holloway*, 16 Ala. 53 ; *Holt v. Robinson*, 21 Ala. 106.

McCLELLAN, J.—The following is the original complaint in this cause : "Alex. Rice, Trustee of Jennie, Lena and Belle Rice, Plaintiff v. Samuel Rice, Defendant : The plaintiff claims of the defendant the sum of two hundred and twenty dollars, due by promissory note dated Jan. 2nd, 1886, and payable, according to the

terms thereof, on the 1st day of Jan., 1887 ; and plain-
tiff alleges that said note is made payable to him as trus-
tee of Jennie, Lena and Belle Rice and that this suit is
brought as such trustee.   Plaintiff further alleges that
defendant agreed to pay interest on said sum due as
aforesaid from  Jan. 2nd, 1886, which said sum of
$220.00, together with the interest thereon, is now due
and unpaid." And this the note sued on : "Montgomery,
Ala., Jan. 2nd, 1886.   On the first day of January, 1887,
I promise to pay to the order of Alex. Rice, Sr., as trus-
tee for Jennie, Lena and Belle Rice, minors, $220.00,
value received, interest paid until maturity. Sam'l Rice."

The case coming on for trial, the plaintiff amended the
complaint by striking out the words : "Trustee for Jen-
nie, Lena and Belle Rice ; and then he offered to further
amend by inserting after his name the words : "as next
friend of Jennie, Lena and Belle Rice." This proposed
amendment was, on defendant's objection, disallowed by
the court ; and the cause was tried as upon the com-
plaint of Alex. Rice in his individual capacity, and the
court, at the request of the defendant, gave the affirma-
tive charge in the latter's favor.

So far as this action of the court was rested upon the
ground that the action was improperly prosecuted in the
name of Alex. Rice, individually, it cannot be sustained.
Notwithstanding the provision of the statute, that "act-
ions on promissory notes    *    *    *    *    *    must be
prosecuted in the name of the party really interested,"
(Code, § 2594) , when the promise is made to one person
for the benefit of another, either may sue, (*Mason v. Hall,*
30 Ala. 599, and *Shotwell v. Gilkey,* 31 Ala. 724) ; and
where the party having the legal title—the payee named
in a promissory note—is also the party entitled to receive
the money and discharge the debtor, "although, when
collected, he holds the money, not for his own use, but
for the use of some other person, and to whose use he is
to apply it, or to whom he is bound to pay it,—in all
such cases the action must be in the name of the party
having the legal title."—*Per* PECK C. J. in *Yerby, County
Superintendent v. Sexton et al.,* 48 Ala. 311, 325.  And to
like effect it is said by MANNING J. : "This section 2524
[now 2594] has caused much perplexity in practice. But
whenever a party has the legal title, if he is a party to
whom payment can be legally made, and who can legal-

ly discharge the debtor, the action may be brought in his name, although the money, when collected, is not for his use."—*Herschfelder v. Mitchell*, 54 Ala. 419. See also *Tilley v. Harrison*, 91 Ala. 295. In this case, the plaintiff had the legal title; payment could be efficaciously made to him and he could discharge the debtor. The suit, therefore, proceeded properly in his name, though had there been a recovery he would have held the money for Jennie, Lena and Belle Rice.

Nor can the action of the court, in giving the affirmative charge for the defendant, in our opinion, be sustained upon the other ground to which it is referred by counsel for appellee, namely, that the plea of want of consideration for the promise to pay was proved without conflict in the evidence. It may be conceded that the evidence shows that the defendant made a voluntary gift of the share of building and loan stock to Jennie, Lena and Belle Rice, and that the money which defendant received from his father, and for the payment of which this note was executed by him, was the proceeds of that share of stock; but it further appears from the testimony of Alex. Rice that, after this gift was perfected, and the money issuing from the sale of the stock had become the property of Jennie, Lena and Belle Rice, and was held by him as their agent and trustee for them, he, for them, loaned it to the defendant at the latter's instance and took the note sued on for its repayment. The jury had a right to consider and pass upon this evidence, and to believe it. If it was true, the plea of want of consideration was not sustained by the facts. On this aspect of the case, it is of no consequence that the defendant gave the stock, or even its proceeds, directly to his sisters. Though he gave it to them, it was, after the gift and pending their possession by virtue of the gift, as much their property for all purposes as if he had paid it to them as upon the purchase of property from them, or upon a binding obligation of his to them. He had no more right to it after such gift than he would have had after such payment; and the loan of it by them or their father, acting for them, is just as valuable a consideration for the promise to repay it as had the fund come to them from an entirely different and independent source.

We cannot see that the defendant's evidence about

gifts of money to his father is at all relevant to any issue in this case. It should have been excluded. The same may be said of the testimony as to defendant's age in 1879.

What we have said as to the right of Alex Rice to prosecute this suit in his own name will serve to determine the remaining questions in respect of the admission of evidence on another trial.

Reversed and remanded.