Mr. Justice Robb
delivered the opinion of the Court:
The facts in this case are identical with the facts in the preceding case, except that the note herein sued upon amounted with interest to something less than $4,000, whereas in the preceding case it amounted to something more than that sum.
The question whether the Bankers’ Trust Company, the intervening claimant, was the proper party to intervene, is raised in this case. It is asserted that this trust company is a mere agent of the Superintendent of Banks, and hence that he, and not the trust company, should have intervened. So far as the record discloses, this contention was not made in the trial court, where, had it been sustained, the difficulty might easily have been overcome. It well might be ruled, therefore, that this point was waived. Coffin v. Grand Rapids Hydraulic Co. 136 N. Y. 655, 32 N. E. 1016.
But the question may easily be disposed of upon another ■ground. The Smith note, as we have seen in the prior case, was specially assigned by the Superintendent of Banks, into whose possession and control it had come, to the intervener,, who thereupon became its legal holder as trustee. While such an indorsement restricts the free circulation of a note, and takes it out of the class known as commercial paper (Third Nat. Bank v. Lange, 51 Md. 138, 34 Am. Rep. 304), the indorsee, having the legal title thereto, and having authority to receive payment thereof, may bring suit in its own name to enforce payment. Rice v. Rice, 106 Ala. 636, 17 So. 628; 8 Cyc. 82. *555 In the present case the intervener in its petition fully set forth, .all the facts, and evidently its acts in the premises have received the approval of the Superintendent of Banks, since he is not here objecting. We rule, therefore, that in the circumstances as disclosed by the record the Bankers’ Trust Company •was properly permitted to intervene.
Judgment affirmed, with costs. Affirmed.