(77 South. 167)

BANK OF MADRID v. MERCHANTS' NAT. BANK OF MIDDLETOWN, N. Y.
(4 Div. 502.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. BANKS AND BANKING ⊗⟷175(1)—INDORSEMENT FOR COLLECTION—EFFECT.

Where a draft with a bill of lading attached was indorsed by the drawer to a bank for collection, the legal title to the chose and a special property in the goods represented by the bill of lading passed to the bank; but the drawer of the draft had such an equity that he might in his own name recover as for money had and received against a correspondent of the bank which collected the draft.

2. BANKS AND BANKING ⊗⟷171(1)—COLLECTION—DUTY OF COLLECTING BANK.

Where a draft with bill of lading attached was indorsed to plaintiff bank for collection, was by it forwarded to the defendant bank, the law implies a promise by defendant to collect the draft and remit the proceeds, or return the draft and bill of lading if payment is refused.

3. BANKS AND BANKING ⊗⟷161(1)—COLLECTION—TITLE.

Where draft with bill of lading attached is indorsed to a bank for collection, it is invested with the legal title to the chose and a special property in the goods represented by the bill of lading, and entitled to receive the remittance and give full acquittance to those paying the draft.

4. BANKS AND BANKING ⊗⟷175(1)—ACTIONS FOR PROCEEDS OF COLLECTION.

The seller of goods, having drawn a draft for the purchase price and attached thereto a bill of lading, indorsed the draft for collection to plaintiff bank, and plaintiff transmitted the draft with bill of lading attached to defendant bank, its correspondent, with instructions not to deliver the bill of lading until the draft was paid. However the bill of lading was delivered, and plaintiff bank sued defendant to recover the amount of the draft. Held that, as the law implied a promise on the part of defendant to collect the draft and remit the proceeds or return it and the bill of lading, payment having been refused, plaintiff might maintain an action for the proceeds, despite the equitable interest of the seller, and Code 1907, § 2489, declaring that actions on notes or other contracts for the payment of money must be prosecuted in the name of the party really interested, whether he has the legal title or not.

5. WITNESSES ⊗⟷244—EXAMINATION—LEADING QUESTIONS.

It is permissible to allow leading questions having some tendency to affect his credibility to be propounded by plaintiff to his own witness, where the witness was manifestly hostile, and there were tendencies indicating that the witness and defendant colluded in a scheme to defraud.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Assumpsit by the Merchants' National Bank of Middletown, N. Y., against the Bank of Madrid. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts made by the pleadings are that one James Keeney shipped to the Botts Prod-

uce Company a lot of onions valued at $324, bill of lading attached, and order notify, and that said Keeney deposited with the Merchants' National Bank of Middletown, N. Y., a draft on the Botts Produce Company, with the bill of lading attached, and that the Merchants' National Bank forwarded same to the Bank of Madrid, with instructions not to deliver bill of lading until the draft was paid, but that the Botts Produce Company got the bill of lading, received the shipment thereunder, and has not paid Keeney or the Merchants' Bank for the onions, but that the Bank of Madrid had received said sum from the Botts Produce Company, and had failed to account for same.

Farmer & Farmer, of Dothan, for appellant. Lee & Thompkins, of Dothan, for appellee.

BROWN, P. J. The evidence adduced by the plaintiff tended to show that the draft drawn by Keeney on Botts Produce Company, in favor of plaintiff and payable to its order, with the bill of lading attached, and duly indorsed by Keeney, was forwarded to and received by the defendant the Bank of Madrid for collection, with instructions not to deliver the bill of lading except upon payment of the draft. The defendant's evidence tended to show that the draft with bill of lading attached was not received by the defendant bank, and that it had no connection with the transaction. It was therefore plaintiff's right to have the question submitted to the jury, if it has shown such interest in the cause of action as entitles it to sue thereon.

[1] When Keeney delivered to the plaintiff the draft drawn by him on Botts Produce Company in favor of the plaintiff, with the bill of lading attached, indorsed by him "for collection," the legal title to the chose and a special property in the goods represented by the bill of lading passed to the plaintiff, subject to be divested upon payment of the draft by Botts Produce Company, and a delivery of the bill of lading to said produce company, leaving in Keeney an equity which entitled him to sue in his own name and recover as for money had and received, if in fact defendant collected the draft. Josiah Morris & Co. v. Alabama Carbon Co., 139 Ala. 620, 36 South. 764; People's Bank of Lewisburg v. Jefferson County Savings Bank, 106 Ala. 524, 17 South. 728, 54 Am. St. Rep. 59; Tishomingo Savings Inst. v. Johnson Nesbitt & Co. (Sup.) 40 South. 503[1]; Hood v. Commercial Trust & Savings Bank of New Orleans, 12 Ala. App. 511, 67 South. 721.

[2-4] This does not necessarily preclude the plaintiff's right to sue in this case. The plaintiff seeks to recover, not only on the theory that the defendant received and collected the draft, but on the further theory that the defendant bank delivered to Botts Produce Company the bill of lading without securing payment of the draft, thus enabling Botts to obtain possession of the goods without paying for them. If the jury found, in accordance with the plaintiff's theory, that the draft and bill of lading were forwarded to and received by the defendant for collection, and the defendant received and retained them, the law implies a promise by the defendant to the plaintiff to collect the draft and remit the proceeds, or return the draft and bill of lading if payment is refused. Schrader v. Bailey Grocery Co., 15 Ala. App. 647, 74 South. 749.

The purpose of the indorsement of the draft and bill of lading by Keeney to the plaintiff was to invest the plaintiff with the legal title to the chose, and give it a special property in the goods represented by the bill of lading, to enable it to carry out the transaction and give full acquittance to the purchaser for the purchase price of the goods represented by the draft. Hence the plaintiff had authority to receive the remittance and give full acquittance, not only to Botts Produce Company, but to the collecting bank. It is well settled in this state that, when a promise is made by one person for the benefit of another, either may sue, and likewise that, a party having the legal title to an obligation, to whom payment can be legally made, and who can legally discharge the debtor, an action may be brought in his name, although the money, when collected, is not for his use, but is for the use or must be paid to another; and this is so notwithstanding the provisions of section 2489 of the Code of 1907. Rice v. Rice, 106 Ala. 636, 17 South. 628; Mason v. Hall, 30 Ala. 599; Shotwell v. Gilkey, 31 Ala. 724; Hirschfelder v. Mitchell, 54 Ala. 419. These principles are applicable to the case in hand, and, when applied, clearly establish the plaintiff's right to sue in this case.

[5] The witness Botts, offered by the plaintiff, was manifestly a hostile witness, and there were tendencies in the evidence that collusion existed between Botts and the defendant to fraudulently acquire the carload of onions, the subject-matter of this transaction, and it was permissible for the court to allow leading questions to this witness, though the answers had some tendency to affect his credibility. Hickman v. State, 12 Ala. App. 27, 67 South. 775.

The cross-examination of the witness Watford was within the rule, and the rulings of the court in this respect were free from error. Cox v. State, 162 Ala. 66, 50 South. 398. The appellee does not seem to have relied upon the naked legal presumption that a letter, duly addressed and stamped and deposited in the United States mails, will be delivered to the addressee, and the authori-

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 146 Ala. 691.

ties cited by appellant are not applicable. Boyd, cashier of the plaintiff's bank, testified without objection that he sent the draft and bill of lading to the defendant bank, and that he received letters from it with reference thereto, and besides there was other evidence tending to show that the draft was received by the defendant, to wit, the telegram sent by Botts to Vail & Co., requesting that the bank be authorized to deliver the bill of lading to Botts Produce Company, without payment of draft, and the reply thereto by Vail & Co., advising payment with promise to protect purchaser.

The above-stated conclusions justify the action of the trial court in refusing to defendant the affirmative charge, and in overruling the motion for a new trial.

Affirmed.