Submitted on briefs at Pendleton October 27, reversed and remanded December 9, 1924.

# STATE v. H. E. BRIGGEN.

### (231 Pac. 125.)

**Indictment and Information—Charging Part and not Caption Determines Crime Charged.**

1. To determine crime charged court looks to charging part and not to caption of indictment.

**Indictment and Information—Charging Larceny and Burglary in Warehouse Held Defective.**

2. Indictment charging burglary and larceny is defective under Section 1442, Or. L., which commands that an indictment shall charge but one crime.

**Indictment and Information—Charging More Than One Crime must be Attacked by Demurrer.**

3. When it appears from face of indictment that more than one crime is charged therein, the proper remedy given by Section 1491, Or. L., paragraph 3, is by demurrer to the indictment, and not by objection to evidence.

**Indictment and Information—One of Two Distinct Crimes Charged in Indictment cannot be Disregarded as Surplusage.**

4. Since burglarious entry of warehouse with intent to steal, denounced by Section 1943, Or. L., and stealing in warehouse denounced by Section 1948 are distinct offenses, if both are charged, former cannot be disregarded as surplusage.

**Burglary—Indictment Need not State Name of Owner of Building.**

5. Under Section 1439, Or. L., indictment for burglary in warehouse, following form in appendix to Code, is good, although it "fails to state the name of the owner of the building burglarized."

**Criminal Law—Where Evidence Chiefly Supports the Lesser of Two Crimes Charged in an Indictment, Trial Court cannot of Its Own Motion Remove Lesser Charge from Consideration of Jury.**

6. Where indictment charged burglary and larceny, and evidence chiefly showed larceny, court's charge taking the lesser charge from consideration of jury, was prejudicial.

---

2. See 14 R. C. L. 194.

5. Necessity of naming owner of building in indictment or information for burglary, see notes in 5 Ann. Cas. 1011; 20 A. L. R. 510. See, also, 4 R. C. L. 432.

Criminal Law—Where Defendant Admits Offense Charged, Trial
    Court Did not Err in Refusing to Direct Acquittal.
    7.  Where indictment charged larceny and burglary in warehouse,
and evidence tended to show larceny, which offense defendant ad-
mits on appeal, he cannot complain that court erred in refusing to
direct acquittal.

---

See 31 C. J., p. 668.   (2) 9 C. J., p. 1057; 31 C. J., p. 757.   (3)
31 C. J., pp. 793, 820.   (4) 31 C. J., pp. 775, 776 (1926 Anno.).   (5)
9 C. J., p. 1043.   (6) 17 C. J., p. 344.   (7) 17 C. J., p. 211 (1926
Anno.).

From Harney: Dalton Biggs, Judge.

In Banc.

The defendant in this case, through his brief filed
in this court, admits the theft from the porch of a
warehouse in the town of Crane, Harney County,
Oregon, of five spools of barbed wire of the retail
value of $5.25 per spool.  Defendant resided on what
is known as "dry homestead," situate some ten miles
from Crane, and he, with an accomplice, removed the
wire from the porch of the warehouse and trans-
ported it to the homestead.  The grand jury for the
Circuit Court of the State of Oregon for Harney
County returned an indictment charging the defendant
with the crime of burglary in a warehouse, and, in
the same indictment, charged him with larceny in a
warehouse.  Upon arraignment, the defendant's only
answer to the indictment was a plea of not guilty.
On his trial he objected to the reception of the
State's evidence on the ground that the indictment
charged him with the commission of more than one
crime.  At the conclusion of the state's evidence,
the defendant moved the court for an instructed ver-
dict of not guilty for the reason that the state had
failed to make out any *prima facie* case against him.
The court overruled the motion.  At the conclusion of
the trial the court instructed the jury, among other
things, in effect, that the defendant could not be
found guilty of larceny in a warehouse or of the crime

of simple larceny, and that that portion of the indictment referring to larceny should be disregarded. Defendant reserved an exception thereto. He was convicted of burglary and sentenced to the state penitentiary for a term of not to exceed four years. From a judgment of conviction he appeals to this court.                    REVERSED AND REMANDED.

For appellant there was a brief over the name of *Mr. H. V. Schmalz.*

For respondent there was a brief over the name of *Mr. George S. Sizemore, District Attorney.*

BROWN, J.—The defendant challenges the validity of the indictment by objecting to the state's testimony. The accusation made by the grand jury reads:

"The said H. E. Briggen, on the 8th day of January, A. D., 1923, in the said county of Harney, state of Oregon, then and there being, did then and there wrongfully, unlawfully, feloniously, and burglariously break and enter a building, to wit: a warehouse in which property was then and there kept, with the intent to steal therein, and did then and there wrongfully, unlawfully, feloniously, and burglariously take, steal, and carry away therein and therefrom six spools of barbed wire of the value of $5.25 each, said personal property then and there being the property of the Mullen-Fiser Company."

1. For the purpose of determining the crime charged, we look to the charging part, not to the caption, of the indictment: *State* v. *Jarvis,* 18 Or. 360 (23 Pac. 251).

2. We are aware that in some jurisdictions burglary and larceny may properly be joined and charged in the same count of the indictment: See *Parker* v. *People,* 13 Colo. 155 (21 Pac. 1120, 4 L. R. A. 803); *Woodford* v. *People,* 62 N. Y. 117 (20 Am. Rep. 464); *Breese* v. *State,* 12 Ohio St. 146 (80 Am. Dec. 340).

See, also, 2 Am. St. Rep. 396, note; Rapalje, Larceny and Kindred Offenses, § 351. However, our Criminal Code commands that an indictment shall charge but one crime: Or. L., § 1442.

3. The indictment in this case is clearly defective, in that it charges the defendant with the commission of more than one crime. But, if the defendant wished to attack the indictment for the reason asserted, he should have acted in accordance with the provisions of the Criminal Code, which prescribes the remedy in the form of demurrer to the indictment, when it appears upon the face thereof that more than one crime is charged therein: Or. L., § 1491, par. 3; *State* v. *Carlson*, 39 Or. 19 (62 Pac. 1016), and the Oregon cases there collected. It follows that the objection to the evidence was properly overruled.

It has been held that upon a trial under a duplicitous indictment the defendant' may demand that the state elect upon which offense charged the trial shall proceed. No such election or request was made in this case.

4. We noted in our statement that, when the evidence was complete, the court, over the defendant's objection, instructed the jury, in effect, to disregard the indictment wherein it charged larceny, both compound and simple. This was not an instance of striking mere surplusage from the indictment. In this state, the burglarious entry of a warehouse with intent to steal, and stealing in a warehouse, are distinct offenses. The breaking and entry of a warehouse by any person with intent to steal or commit a felony therein is denounced by Oregon Laws, Section 1943, as burglary. By Section 1948 larceny in a warehouse is made a felony. Section 1947 defines larceny. The crime of burglary in a warehouse is complete when a burglar, with intent to steal or commit

a felony therein, feloniously breaks and enters into a warehouse in which property is kept. Every unlawful entry of such a warehouse with intent to steal or commit a felony therein constitutes a breaking and entry within the meaning of Section 1943: Or. L., § 1945. In this jurisdiction, the stealing, or the commission of the felony, is not a part of the crime of burglary, but is competent as evidence for the purpose of proving the intention in the defendant's breast at the moment of breaking and entering.

The manner of charging the act constituting the crime, as set forth in the Appendix to the Code, is sufficient: Or. L., § 1439.

5. Under our statute and the holding of this court in *State* v. *Wright*, 19 Or. 258 (24 Pac. 229), the indictment for burglary in the case at bar is good, although it fails to state the name of the owner of the building alleged to have been burglarized, and, as measured by Form No. 12 of the Appendix, the indictment also charges the offense of the crime of larceny in a warehouse. In fact, it goes further and, in addition to the charge of larceny in a warehouse, avers a case of simple larceny. Hence, the indictment returned into court by the grand jury and upon which the defendant was arraigned charges him with the commission of more than one crime, and it is not a case of charging a crime within a crime.

6. We have read the testimony carefully, and it discloses that the evidence consists chiefly of the larceny of the barbed wire. The defendant had a right to have the question of larceny in a warehouse submitted to the jury, the minimum penalty therefor being less than that for burglary. He was arraigned and put upon trial to answer the charges of crime contained in the indictment, and, when the court, at the conclusion of the evidence, upon its own motion

took the lesser charges away from the consideration of the jury, it did so to the hurt of the defendant: *State* v. *Taylor,* 3 Or. 10; *State* v. *Hanlon,* 32 Or. 95 (48 Pac. 353); *State* v. *Savage,* 36 Or. 191 (60 Pac. 610, 61 Pac. 1128); *State* v. *Reyner,* 50 Or. 224 (91 Pac. 301).

For the reason that the indictment avers that the value of the property did not exceed $35, the defendant could have been lawfully convicted of petit larceny under its averments: Or. L., § 1947. See the authorities last above cited.

7. Notwithstanding the defendant moved the trial court to direct an acquittal upon the ground that the state "had utterly failed to make out a *prima facie* case," yet, in this court, he admits that a case of simple larceny was made out against him. The motion was properly overruled.

A well-settled rule applicable to the contention of the defendant was restated in the case of *State* v. *Reyner,* 50 Or. 224, 230 (91 Pac. 301), where this court said:

"A party who seeks to review the action of a trial court on account of a lack of evidence, of which he complains, is required particularly to point out to it the legal principle for the maintenance of which he contends, and, if he fails to do so at the proper time, any error, unless there is a total failure of proof, is necessarily waived: *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71, 9 L. R. A. 853); *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031, 33 Pac. 537); *State* v. *Robinson,* 32 Or. 43 (48 Pac. 357); *State* v. *Fiester,* 32 Or. 254 (50 Pac. 561); *State* v. *Schuman,* 36 Or. 16 (58 Pac. 661, 47 L. R. A. 153, 78 Am. St. Rep. 754); *State* v. *Sally,* 41 Or. 366 (70 Pac. 396)."

For the error noted above, this cause is reversed and remanded.          REVERSED AND REMANDED.