-140 So. 623

## MADISON v. STATE.
### 6 Div. 76.

Court of Appeals of Alabama.
March 22, 1932.

W. S. McNeil, of Fayette, and Pennington & Tweedy, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The evidence for the state was circumstantial tending to connect the defendant with the commission of the crime. In the development of the state's case the solicitor offered as a witness Horace Smith, whose testimony, both on direct and cross examination, was favorable in some particulars to the defendant's contention. On redirect examination of this witness he testified: "I testified in the County Court; I don't think I testified there that I saw them plainly and identified them clearly; I didn't testify in County Court that they broke all these things up and that I saw them smashing them up; I have not been threatened in this matter, about testifying in this case; I didn't appear at the last term of court." The solicitor was then permitted, over timely objection and exception, to prove by the witness that he was put under arrest for not attending court as a witness in this case. This was not an effort on the part of the state to discredit his own witness whom he had introduced, but was permissible as tending to show that the witness was testifying unwillingly. If it did appear that the witness was testifying unwillingly, the examination by the solicitor could be extended to leading questions, which otherwise would not be permissible. Bank of Madrid v. Merchants' Bank, 16 Ala. App. 247, 77 So. 167; Register v. State, 19 Ala. App. 11, 94 So. 778; Ex parte Register, 208 Ala. 575, 94 So. 780.

It is insisted by appellant that the trial court committed error in allowing the state to offer evidence tending to impeach the character of certain character witnesses offered by the defense. Appellant cites us no authority, and we know of none holding that this is error. If a character witness has a bad character for truth, we see no objection to proof of that fact, if such testimony is available. We seen no reason why an impeaching witness may not be impeached the same as any other witness. We find no authority for this holding in Alabama, but it is so held in Phillips v. Thorn, 84 Ind. 84, 43 Am. Rep. 85; State v. Moore, 25 Iowa, 128, 95 Am. Dec. 776.

It is the law that a witness may not be impeached on immaterial matter, but, where one party has brought immaterial matter in the direct examination, the court will not be put in error for allowing the opposite party to impeach such statement.

There is no error in the record, and the judgment is affirmed.

Affirmed.