Argued March 9, affirmed May 16, 1962

# STATE OF OREGON *v.* FOSS and SPEERS

371 P. 2d 564

*Elliott B. Cummins,* McMinnville, argued the cause for appellant Erwin Wayne Speers. *Francis E. Marsh,* McMinnville, argued the cause for appellant William Chester Foss. On the brief were Francis E. Marsh and Elliott B. Cummins.

*James E. Craig,* District Attorney for Yamhill County, McMinnville, argued the cause and submitted the brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry and Goodwin, Justices.

ROSSMAN, J.

These are appeals, one each, by the defendants, William Chester Foss and Erwin Wayne Speers, from judgments which the circuit court entered against them after each had entered a plea of not guilty to the indictment, which we will presently quote, and a jury had returned a verdict of guilty against each of them. The indictment charged each of the defendants with the crime of burglary not in a dwelling, as proscribed by ORS 164.240. The defendants have consolidated the two appeals.

The defendants' single assignment of error reads:

"The court erred in denying defendants' motion for a judgment of acquittal at the close of the plaintiff's case and after the defendants had rested, and erred in denying defendants' motion in arrest of judgment finding that the indictment stated facts sufficient to constitute a crime."

The defendants presented no evidence and their counsel no argument.

The joint brief filed by the two defendants states:

"This appeal presents but one question for decision, namely, does the indictment allege sufficient facts to constitute a crime. The sufficiency of the indictment involves certain subsidiary questions. They are as follows:

"1. Does the indictment allege the character of the building allegedly entered as a dwelling or as a building other than a dwelling?

"2. Does the indictment sufficiently locate or identify said building?

"3. Is the failure of the indictment to allege the ownership of said building fatal?"

The indictment charged:

"William Chester Foss and Erwin Wayne Speers are accused by the Grand Jury of Yamhill County, State of Oregon, by this indictment of the crime of burglary committed as follows:

"The said William Chester Foss and Erwin Wayne Speers on the 20th day of March, 1961, in the County of Yamhill, State of Oregon, then and there being, and then and there acting jointly and cooperating together, did then and there unlawfully and feloniously break and enter, by forcibly breaking in the back door, a certain building other than a dwelling known as Inloes Motor Building, situated on Portland Road, near Newberg, Yamhill County, Oregon, in which said building there was at said time kept certain personal property, with the intent then and there on the part of them, and each of them, to steal therein and to commit the felony of larceny therein, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

ORS 164.240, which was Oregon Laws 1959, Chapter 99, page 12, proscribes the crime which is charged in the indictment; it follows:

"Any person who breaks and enters any building within the curtilage of any dwelling house, but

not forming a part thereof, or breaks and enters any building or part thereof, booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept and which is not a dwelling house, with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years."

ORS 164.230 confines itself to the crime of burglary committed in "any dwelling house."

It will be noticed from the indictment, which we quoted, that it charges that each defendant broke into and entered "a certain building other than a dwelling" and that the building into which they entered was "known as Inloes Motor Building." Further, it avers that the building which the defendants entered was situated in Yamhill County "near Newberg" and "on Portland Road."

■ Neither of the defendants challenged the indictment by demurrer; nor did either of them seek further particulars as may be done under ORS 135.630 (2). Neither employed any plea except one of not guilty. The transcript of evidence makes no intimation that either defendant experienced any difficulty during the trial with the indictment. Neither made any claim that the indictment gave him insufficient information to enable him to defend himself. The indictment sufficiently identifies the crime to render it impossible for a second prosecution to occur.

■ In *State v. Wright and Allen,* 19 Or 258, 24 P 229, the indictment for the crime of burglary did not mention the name of the owner of the structure; the latter was a granary. After their conviction the defendants moved in arrest of judgment on the ground that an indictment for burglary must disclose the name of the owner of the structure into which felonious

entry was made. In affirming the judgment of guilty, the decision quoted a form of indictment for a charge of burglary which was contained in the appendix to Hill's Annotated Laws of Oregon, § 1758, and which set forth no averment of ownership. The form thus quoted and its companions were removed from our laws by Oregon Laws 1951, Chapter 391. The defendants-appellants contend that the repeal measure (of 1951) returned the common-law form of the indictment for burglary to Oregon criminal pleading.

We do not believe that the indictment in *State v. Wright and Allen* was dependent upon the form which the court quoted from Hill's Code. The quoted form was applicable to a charge in which the entry was made forcibly in the night time into a structure in which a human being was then present. In the Wright and Allen case, as in the one at bar, the crime was not dependent upon the presence of any one in the structure nor upon its commission in the night time.

*State v. Holland,* 202 Or 656, 277 P2d 386, held that the repeal of the statutory forms did not institute common law criminal pleading in this state. Our legislature has given us sufficient rules governing criminal pleading to enable any district attorney to prepare indictments without resort to common law criminal pleading.

The fundamental principle governing criminal pleading is set forth in ORS 132.540 (1) in these words:

"The indictment is sufficient if it can be understood therefrom that:

\*       \*       \*

"(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding

to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case \* \* \*."

*State v. Briggen,* 112 Or 681, 231 P 125, ruled:

"Under our statute and the holding of this court in State v. Wright, 19 Or 258 (24 Pac. 229) the indictment for burglary in the case at bar is good, although it fails to state the name of the owner of the building alleged to have been burglarized \* \* \*."

See also *Barber v. Gladden,* 210 Or 46, 298 P2d 986, 309 P2d 192.

As we have seen, the defendants made no attack upon the indictment until after the state had rested and the defendants had moved for a directed verdict. Even then they did not assert that the indictment contained insufficient particulars of the crime to enable them to defend themselves. As a matter of fact the two defendants were discovered by a police officer in the Inloe Motor Building in the very act of endeavoring to force open the safe by the use of a heavy iron bar. The iron bar still remained jammed in the opening when the officer forced his way into the building and captured one of the two defendants. The other defendant fled, but two days later was apprehended and shortly gave to the officers a statement in which he confessed his guilt and acknowledged that he was in the Inloe Motor Building when the alert police officer arrived there.

We believe that the indictment was sufficient and that the circuit court properly overruled the defendants' attacks upon it. We dismiss the assignment of error as lacking in merit.

The judgments are affirmed.