Argued at Pendleton November 3, affirmed December 6, 1927.

## STATE v. TOM TOVREA.

(261 Pac. 431.)

**Indictment and Information—Indictment in Language of Statute, Describing Offense so Particularly as to Inform Accused of Facts Charged, is Sufficient.**

1. Indictment following language of statute, describing offense with such particularity as to inform accused of facts with which he is charged, is sufficient.

**Indictment and Information—Indictment for Breaking and Entering Building With Intent to Commit Larceny, Substantially in Language of Statute, Held Sufficient to Charge Burglary (Or. L., §§ 1943, 1945).**

2. Indictment charging that defendant broke and entered a building, in which property was kept at time, with intent to commit a larceny therein, *held* sufficient as stating all essential facts constituting crime of burglary substantially in language of Sections 1943, 1945, Or. L.

**Indictment and Information—Indictment for Burglary Substantially in Form Prescribed in Code Appendix is Sufficient (Or. L., § 1439).**

3. Indictment for burglary, substantially in the form prescribed in the Code appendix, is sufficient under Section 1439, Or. L.

---

Burglary, 9 C. J., p. 1033, n. 15, p. 1034, n. 20, p. 1035, n. 25, p. 1054, n. 3.
Indictments and Informations, 31 C. J., p. 709, n. 31, p. 714, n. 4.

1. See 14 R. C. L., Indictments, § 32.
2. See 4 R. C. L., Burglary, § 22 et seq.

From Wallowa: J. W. Knowles, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. George W. Cherry.*

For respondent there was a brief and oral argument by *Mr. S. H. Burleigh,* District Attorney.

RAND, C. J.—This is an appeal from a judgment convicting the defendant of the crime of burglary. The sole question presented for decision is the sufficiency of the indictment, the charging part of which reads as follows:

"The said Tom Tovrea on the 9th day of April, A. D. 1926, in the County of Wallowa, and State of Oregon then and there being, did then and there willfully, unlawfully and feloniously break and enter a certain building, to-wit, a garage in Joseph, in the County and State aforesaid, the same being then and there a building in which there was property kept at the time, with the intent of him, the said Tom Tovrea, to commit larceny therein by forcibly breaking an outer door of said building contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

In so far as applicable to the offense charged in the indictment, our statute provides: "If any person shall break and enter * * any building * * in which any property is kept, with intent to steal therein, * * such person shall be deemed guilty of burglary * * ." Section 1943, Or. L. And "every unlawful entry of any building, * * or other structure or erection mentioned in Section 1943, with in-

tent to steal or commit any felony therein, shall be deemed a breaking and entering of the same within the meaning of Section 1943." Section 1945, Or. L.

1, 2. The indictment is in the language of the statute and does not charge more than one crime. It is settled by the decisions of this state that where a statute describes an offense with such particularity as to inform the accused of the facts with which he is charged, an indictment which follows the language of the statute is sufficient: *State* v. *Runyon*, 62 Or. 246 (124 Pac. 259); *State* v. *Frasier*, 94 Or. 90 (180 Pac. 521, 184 Pac. 848). Under the statute referred to, the unlawful breaking and entering of any building in which any property is kept with intent to steal therein constitutes the crime of burglary. The indictment charges that the defendant broke and entered a building in which there was at the time property kept, with intent to commit a larceny therein. This was sufficient to inform the defendant of the facts with which he was charged and, since it stated all of the essential facts going to make up the crime and was substantially in the language of the statute, it was sufficient.

3. Again, the indictment was substantially in the form prescribed in the appendix to the Code as the form to be used where the crime charged is burglary. The manner of stating the acts constituting a crime, which follows the form provided for in the appendix to the Code, is declared by Section 1439, Or. L., to be sufficient in all cases where such form is applicable. The indictment being sufficient, the judgment must be affirmed.                    AFFIRMED.

BEAN, J., did not participate in this opinion.