Argued November 16, 1976, affirmed January 17, reconsideration denied
February 16, 1977

STATE OF OREGON, *Respondent,*
*v.*
JOHN C. SANDERS, *Appellant.*
(No. 76-925-C-2, CA 6695)

558 P2d 1276

Patrick B. Gilmore, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Paul J. De Muniz, Deputy Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Found guilty by jury verdict of the crime of "burglary in the second degree"—ORS 164.215—and sentenced to a term of imprisonment not to exceed four years, defendant appeals, contending that the court below erred in overruling his demurrer to the indictment upon which the prosecution of the case was based.

Enacted as part of a broad revision of Oregon's criminal code in 1971—Oregon Laws 1971, ch 743, § 136—ORS 164.215 provides in relevant part that an individual "commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."[1] The indictment returned by the Jackson County Grand Jury in this case charged defendant with

> "* * * knowingly, intentionally, unlawfully, and feloniously enter[ing] [on April 9, 1976] a building located at 613 East Main Street, Medford, *with the intent to commit a crime therein.*" (Emphasis supplied.)

Based upon the absence of any specific allegation as to the particular crime he allegedly intended to commit at the time of the alleged unlawful entry, defendant

---

[1] With respect to the changes to be effected by the enactment of ORS 164.215, the drafters pointed out that among other things it would eliminate "the necessity of proving intent to steal or to commit a 'felony' in [a] nondwelling burglary * * *" as required by existing law, making the intent element the intent to commit *any* crime. Proposed Oregon Criminal Code 145, Commentary, § 136 (1970).

The Model Penal Code § 221.1 (Final Official Draft 1962), defines "burglary" as entry of "a building * * * with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. * * *" The American Law Institute's Comments to that section include the observation that the specifications of "a crime"—i.e., any crime—"* * * comports better with the realities of law eenforcement. The burglar is often apprehended, if at all, in the process of entering, when it may be difficult to know more than that he is up to some mischief. Recognition of this is reflected in the rule that the specific criminal purpose need not be pleaded or proved with the same particularity in prosecuting burglary as in prosecuting the crime which the burlgar had in mind. * * *" (Footnote omitted.) Model Penal Code § 221.1, Comment (Tent. Draft No. 11, 1960).

demurred to the indictment on the ground that it was insufficiently "definite and certain."[2]

In light of what were then recent developments in Oregon criminal procedure relative to pretrial discovery (ORS 135.805 - 135.873), the entry of guilty pleas (ORS 135.395), and the availability of the defense of "former jeopardy" (ORS 131.505 - 131.535), this court noted in *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 120, 517 P2d 324 (1973), that an indictment had become "merely a formal method of initiating criminal proceedings and identifying the name of the crime that the accused is alleged to have committed. * * *"[3]

In light of the function served by the indictment at that time, the accusatory instrument returned in this case was, we believe, adequately definite and certain; as drafted it was sufficiently complete to apprise a person of common understanding of the offense charged, i.e., "burglary."

Affirmed.

---

[2] ORS 135.630(2) provides that a defendant may demur to an indictment that "does not substantially conform to the requirements of [ORS 132.550(7)] * * *." ORS 132.550(7), in turn, provides that an indictment shall contain "[a] statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

Neither a demurrer to an indictment based on ORS 135.630(2) and 132.550(7), nor a demurrer to any other "accusatory instrument"—e.g., an information or complaint, ORS 131.005(1)—based on ORS 135.630(6) is analogous in all respects to a motion to make more definite and certain applicable in civil actions. *See State v. Shadley/Spencer/Rowe,* 16 Or App 113, 120, 517 P2d 324 (1973).

[3] *See also State v. Keys,* 25 Or App 15, 548 P2d 205, Sup Ct *review denied* (1976), and cases cited therein.