Argued July 11, reversed December 28, 1977

STATE OF OREGON, *Respondent,*
*v.*
JOHN CALVIN SANDERS, *Petitioner.*
(No. 76-925-C-2, SC 25234, CA 6695)
572 P2d 1307

Stephanie A. Smythe, Salem, argued the cause for petitioner. On the briefs were Gary D. Babcock, Public Defender, Paul J. De Muniz, Deputy Public Defender, and Patrick Gilmore, certified law student, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

DENECKE, C. J.

## DENECKE, C. J.

The question is, in an indictment for burglary, must the state specify the crime it charges the defendant intended to commit when he allegedly unlawfully entered the building?

The indictment in this case charged that the defendant, "did * * * unlawfully * * * enter a building * * * with the intent to commit a crime therein * * *." The defendant demurred on the ground the indictment was not definite and certain as required by ORS 135.630(6). No constitutional ground was urged at any stage of the proceeding. The demurrer was overruled, the defendant pleaded not guilty, was tried, convicted and appealed. The defendant contends the trial court erred in overruling his demurrer. The Court of Appeals affirmed. 28 Or App 141, 558 P2d 1276 (1977). We granted review and reverse.

ORS 164.215(1) provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."[1]

ORS 132.550 provides:

"The indictment shall contain substantially the following:

"* * * * *.

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended; * * *."

In *State v. Smith,* 182 Or 497, 500, 188 P2d 998 (1948), we stated:

"* * * The objects of an indictment are (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of

---

[1] ORS 164.225 provides burglary in the first degree consists of conduct constituting burglary in the second degree plus specified aggravating circumstances, such as the building being a dwelling.

his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction. * * *."

In that case we also recognized that in determining the sufficiency of indictments we should consider Art I, § 11 of the Oregon Constitution. That section provides that persons accused of crimes have the right to "demand the nature and cause of the accusation against him."

We also observed in that case:

"In an indictment for an offense created by statute, it is usually sufficient to describe the offense in the words of the statute. * * *. Sometimes, however, a statement of the particular circumstances of the crime is necessary in order to charge the defendant with having committed specific acts bringing him within the condemnation of the statute, and in those cases the indictment must be direct and certain as to such circumstances. * * *." (Citations omitted.)

For many years the Oregon practice with burglary statutes of various forms has been to specify the particular crime intended at the time of the breaking and entering.

For years there was a crime, "If any person shall break and enter any dwelling house in the night-time, in which there is at the time some human being, with intent to commit a crime therein * * *." OCLA 23-511. The intent required was the same as that required in the present statute, "intent to commit a crime."

Also, for years there was legislation stating acceptable forms of indictments. OCLA 26-705. The form for the crime of breaking and entering a dwelling house in the night-time in which there is a human being, after stating the other elements, stated, "* * * with intent

to commit larceny (or other crime, describing it generally) therein * * *." Form No. 13, Appendix to ch 26, OCLA.[2]

Prior to the adoption of the Criminal Code in 1971 there was another crime of burglary which consisted of breaking and entering a building other than a dwelling "with intent to steal therein, or to commit any felony therein." OCLA 23-513. Indictments for this crime also customarily specified the felony which the defendant was charged with intending to commit at the time he broke and entered. *State v. Tovrea,* 123 Or 231, 261 P 431 (1927); *Barber v. Gladden,* 210 Or 46, 60-61, 298 P2d 986, 309 P2d 192 (1957), *cert den* 359 US 948, 79 S Ct 732, 3 L Ed2d 681 (1959); *State v. Foss and Speers,* 230 Or 579, 581, 371 P2d 564 (1962).

We have been cited 14 jurisdictions with statutes comparable to the one here involved which have decided that the intended crime must be specified in the indictment. *United States v. Thomas,* 144 US App DC 44, 444 F2d 919 (1971), so holds and cites the decisions from the other jurisdictions. *Bayless v. United States,* 381 F2d 67 (9th Cir 1967), decided to the contrary; however, it so decided because of an applicable Washington statute which is not part of Oregon's law.

The state has not pointed out any way in which it would be prejudiced by requiring it to continue to specify the crime it charges the defendant intended to commit, other than having placed upon it the usual burden of alleging and proving each element of the crime charged.[3]

---

[2] The legislature repealed all forms of indictments, Oregon Laws 1951, ch 391; however, there is no indication that it did so because of dissatisfaction with any of the forms.

[3] If the defendant is charged with an illegal entry with the intent to commit theft, and there is evidence to support that charge, the jury can convict of burglary although the defendant committed an assault after entry and testified he entered with the intent to commit assault, not theft. *Commonwealth v. Ronchetti,* 333 Mass 78, 81-82, 128 NE2d 334 (1955). Likewise, if the defendant was charged with an illegal entry with intent to commit theft, and there was evidence to support this charge, but he committed no crime after entry and he testified he intended to commit no crime, the jury can convict for burglary.

The state contends its position is supported by the American Law Institute comments to the Model Penal Code proposing a burglary statute also providing, "with intent to commit a crime therein." Model Penal Code § 221.1, pp 5960 (Tent Draft No. 11 1950):

> "To specify 'any crime' comports better with the realities of law enforcement. The burglar is often apprehended, if at all, in the process of entering, when it may be difficult to know more than that he is up to some mischief. Recognition of this is reflected in the rule that the specific criminal purpose need not be pleaded or proved with the same particularity in prosecuting burglary as in prosecuting the crime which the burglar had in mind. * * *."

After reading the cases cited in the footnote to support that statement, we are of the opinion that the Institute meant that the indictment for burglary need not allege all the elements of the crime intended, not that it did not have to allege the specific crime intended.

■ The state argues and the Court of Appeals reasoned that the omission of an allegation of the particular crime intended did not work a hardship on the defendant because of his pretrial discovery rights. In some instances the availability of discovery can remedy a deficiency in the specificity of the indictment; for example, *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 517 P2d 324 (1973) (failure to name the person to whom drugs furnished). However, the pretrial discovery available to the defendant in this case would not enable him to know what criminal intent the state was going to attempt to prove. ORS 135.805 and following. Statements of witnesses, which are discoverable, might or might not give the defendant a clue, but one charged with a felony is entitled to more than a clue to what the state contends are the elements of the crime charged.

■ The intent the state charges the defendant had when he entered is important to the defendant. If the state can prove the defendant entered illegally with

the intent to commit a crime, the defendant faces a maximum of five years in the penitentiary for burglary. If the state only is able to prove an illegal entry but not an intent to commit a crime, the defendant only faces a maximum of 30 days in jail for criminal trespass in the second degree.

In light of the long practice in Oregon of specifying the intent which the defendant is charged with having at the time of the breaking and entering, the unanimous view of other jurisdictions with comparable statutes that it is necessary to specify the intent and the lack of any showing of prejudice against the state by continuing such practice, other than imposing upon the state the usual burden of alleging and proving each element of the crime charged, we hold that an indictment failing to specify such intent is subject to demurrer upon the ground that it is not definite and certain.

Reversed.