Argued and submitted November 8, 1985, affirmed March 12, 1986

STATE OF OREGON,
*Appellant,*

*v.*

SHEREE KAY COOPER,
*Respondent.*

(85-6580-C; CA A36627)

715 P2d 504

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Rebecca G. Orf, Ashland, argued the cause for respondent. With her on the brief was Cottle & Howser, P.C., Ashland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was charged by a complaint in District Court with the misdemeanor of promoting gambling in the second degree. ORS 167.122. The trial court sustained her demurrer to the complaint, and the state appeals. It did so on the grounds that the complaint (1) fails to state sufficient facts to constitute an offense and (2) is not definite and certain. ORS 135.630(4) and (6).[1] We agree and affirm.

The state argues that an accusatory instrument[2] is sufficient if it describes the offense in the words of the statute and contains all of the elements of the crime. Although there has been a trend in recent years to require less specificity in the accusatory instrument, and the state correctly describes the general proposition that an accusatory instrument is good against a demurrer if it follows the language of the statute, *State v. Nussbaum,* 261 Or 87, 91, 491 P2d 1013 (1972), the overriding consideration is that a defendant must receive notice of the charges.

This consideration has both statutory and constitutional foundations. ORS 133.015(7) states that a complaint shall contain:

"A statement of the acts constituting the offense in ordinary and concise language * * * to enable a person of common understanding to know what is intended * * *." *See also* ORS 132.550(7).

For an accusatory instrument to be sufficient against a demurrer, it must also satisfy the requirements of Article I, section 11, of the Oregon Constitution, which provides that a person accused of a crime has the right to "demand the nature and cause of the accusation against him." Additionally, the Due Process Clause of the Fourteenth Amendment to the

---

[1] ORS 135.630 provides that a complaint is subject to a demurrer when it appears on its face:

"(4)  That the facts stated do not constitute an offense;

"* * * * *

"(6)  That the accusatory instrument is not definite and certain."

[2] Under ORS 131.005(1), an accusatory instrument is an indictment, an information, or a complaint.

United States Constitution requires that a charging instrument describe an offense with sufficient precision and certainty to enable a presumptively innocent person to prepare for trial. *See, e.g., Koontz v. Glossa,* 731 F2d 365, 369 (6th Cir 1984); *Barber v. Gladden,* 327 F2d 101 (9th Cir), *cert den* 377 US 971 (1964).

The Oregon Supreme Court has held that it is not always sufficient to describe an offense in the language of the statute:

" " * * * Sometimes * * * a statement of the particular circumstances of the crime is necessary in order to charge the defendant with having committed specific acts bringing him within the condemnation of the statute, and in those cases the indictment must be direct and certain as to such circumstances. * * *" " *State v. Smith,* 182 Or 497, 502, 188 P2d 998 (1948), quoted in *State v. Sanders,* 280 Or 685, 688, 572 P2d 1307 (1977).

The Supreme Court also recognized in *Sanders* that the availability of discovery will not save an unspecific accusatory instrument if "discovery is unlikely to inform the defendant of the specific criminal conduct the state intends to prove." *State v. Kincaid,* 78 Or App 23, 29, 714 P2d 624 (1986). In *Sanders,* the defendant filed a demurrer to a burglary indictment because it did not specify the crime the defendant intended to commit when he made an unlawful entry. The Supreme Court concluded that the indictment was insufficient, because discovery would not aid the defendant because of the vast number of crimes from which the state could select in charging the defendant.

We conclude that this is a case where a statement of the particular facts is necessary and that the complaint is not sufficient to give defendant notice of the charges against her. The statute provides:

"(1) A person commits the crime of promoting gambling in the second degree if the person knowingly promotes or profits from unlawful gambling." ORS 167.122.

The complaint, in its charging portion, states:

"The said defendant, on or about January 8, 1985, in Jackson County, Oregon, then and there being, did unlawfully and knowingly promote unlawful gambling * * *."

Aside from the references to the date and county involved, the complaint simply mirrors the language of the statute. There are no specific facts identifying the acts which constitute the alleged crime. The only thing that the accusatory instrument tells defendant is that she is being charged with violating the statute.

We are unable to say that the allegations are particular enough to enable defendant to make her defense. *See State v. Sanders, supra,* 280 Or at 687. ORS 167.117(10) defines the unlawful promotion of gambling to include numerous activities:

> " 'Promotes gambling' means that a person, acting other than as a player, engages in conduct that materially aids any form of gambling. *Conduct of this nature includes, but is not limited to,* conduct directed toward the creation or establishment of the particular game, contest, scheme, device or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the conduct of playing phases thereof, toward the arrangement of any of its financial or recording phases or toward any other phase of its operation. A person promotes gambling if, having control or right of control over premises being used with the knowledge of the person for purposes of gambling, the person permits the gambling to occur or continue or makes no effort to prevent its occurrence or continuation." (Emphasis supplied.)

As the emphasized phrase indicates, the list is "not limited" to the acts enumerated. Because of the lack of facts in the complaint, it would be difficult, if not impossible, for defendant to identify her supposedly illegal acts in order to prepare her defense. Because the conduct listed in ORS 167.117(10) is not exclusive, we are unable to say that this is a situation where discovery could remedy the deficiency of the accusatory instrument. Defendant should not be required to undertake a fishing expedition to determine precisely what it is that she did wrong.

Our conclusion in this case is consistent with *State v. Kincaid, supra,* in which we held that an indictment which followed the language of the applicable provision of the Oregon Racketeer Influenced and Corrupt Organization Act,

ORS 166.720(3), did not give the defendant sufficient information to prepare a defense. There were multiple possible predicate offenses from which the prosecution could choose any two as a basis for convicting the defendant. We held that "defendant has the right to be informed of all the specific episodes from which the prosecution can make its selection," and that discovery could not assist the defendant because of the large volume of discovery material and the large number of predicate offenses on which the state could base its case. "When there are a large number of predicate offenses, discovery amounts to a poverty of riches." 78 Or App at 30. Discovery was not an adequate substitute for a specific indictment, because "effective notice is as much obscured by too much information as it is by too little information." 78 Or App at 30.

In light of the statutory requirements for an accusatory instrument and the constitutional requirements of notice, we conclude that, when challenged for insufficiency, an assessment of the individual complaint must be made. We hold that in this case the complaint, which charges defendant with promoting unlawful gambling, is insufficient and cannot survive a challenge by demurrer, because it only restates the language of the charging statute without including the acts allegedly committed by defendant.

Affirmed.