Argued and submitted August 28, reversed in part; otherwise affirmed
September 27, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL EUGENE MAYEA,
*Appellant.*

## (CR9800794; CA A105818)

11 P3d 264

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

WARREN, S. J.

## WARREN, S. J.

Defendant was convicted after a court trial of burglary in the first degree, criminal mischief, criminal trespass, and menacing. The charges arose out of an incident in which defendant threw a piece of particle board through an apartment window, climbed through the window and into the victim's bedroom, and jumped on her while she slept in bed. Defendant thought he was breaking into his girlfriend's apartment. In fact, the apartment belonged to the girlfriend's neighbor. When the victim's husband, who was in another room, heard the commotion, he came to investigate, and defendant fled through the window. Defendant appeals only the burglary conviction, asserting that the trial court erred in denying his motion for judgment of acquittal. We agree with defendant and therefore reverse the burglary conviction.

The facts as described above are undisputed. The only question on appeal is whether the evidence is legally sufficient to establish the offense of burglary in the first degree as alleged in the indictment. Defendant was charged under ORS 164.225:

"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon."

ORS 164.215 provides, in turn, that "a person commits the crime of burglary in the second degree if the person *enters or remains unlawfully in a building with intent to commit a crime therein.*" (Emphasis added.) The burglary count of the indictment charged that defendant "entered a dwelling * * * with the intent to commit the crime of criminal mischief therein."

Defendant concedes that he entered a dwelling and that he attempted to cause physical injury to the victim. He

concedes, further, that the evidence would support a finding that he entered the dwelling with the intent to commit assault, menacing, or harassment. It is defendant's position, however, that under the charging instrument, the state was required to show that his entry was with the specific intent to commit the crime of criminal mischief in the apartment. In his view, although the evidence might support a finding that he *broke the window* with an intent to commit criminal mischief, there is no evidence that when he crawled through the window he had the intent to commit criminal mischief inside the apartment.

The state does not quarrel with defendant's characterization of the evidence. Further, it concedes that because the indictment pleaded entry with an intent to commit criminal mischief, the evidence must permit the finder of fact to conclude that the "entry" was with intent to commit the crime of criminal mischief. *See State v. Sanders,* 280 Or 685, 691, 572 P2d 1307 (1977). The state takes the view, however, that defendant's lack of an intent to commit criminal mischief at the time he climbed through the window is not dispositive. As the state sees it, the "entry" into the apartment occurred when the board that defendant hurled crashed through the window. In light of defendant's concession that the throwing of the board would support a finding of criminal mischief, the state asserts that defendant's state of mind at the time the board was thrown was sufficient to permit a finding that the entry by the board and simultaneous criminal mischief satisfied the elements of burglary in the first degree.

Both parties cite *State v. Williams,* 127 Or App 574, 873 P2d 471, *rev den* 319 Or 274 (1994), as dispositive. In that case, the defendant was charged with burglary for firing bullets into a dwelling and challenged the conviction on the ground that there had been no entry. *Id.* at 577. We affirmed the trial court's denial of the defendant's motion for judgment of acquittal, holding that the defendant's "entry" of the dwelling occurred when the bullets that the defendant fired entered the house, and that there was no requirement that the person's body enter. We said:

"[A]n 'entry' can be accomplished by even the slightest intrusion into a building by any part of a person's body, or

by an instrument, if the instrument is used to enable the person introducing it to consummate a criminal objective."

*Id.* at 579. The state cites that language as supportive of its view that defendant's entry into the apartment occurred when he threw the board through the window with the intent to commit criminal mischief. In the state's view, the board was an "instrument" that enabled defendant to consummate a "criminal objective," criminal mischief. In contrast, defendant takes the view that, in order for the entry to be accomplished by the intrusion of an instrument, the "criminal objective" furthered by the entry of the instrument must be the crime that the defendant intends to commit inside the dwelling. The entry by an instrument is not a legally sufficient entry when the instrument merely enables defendant to get inside the dwelling. Our reading of the *Williams* opinion supports that view.

In discussing the meaning of "entry," as used in ORS 164.225, the court said that at common law, in reference to the crime of burglary, the term has an established meaning, and that under that established meaning, no "entry" occurs when an instrument is used solely to facilitate an entry and not to achieve a criminal purpose inside the structure. With reference to the first category, facilitating entry, the court quoted from 3 *Wharton's Criminal Law* § 333 (14th ed 1980 & Supp 1993):

> " '[T]here is no entry when a stick, being used by the defendant merely to break a window, happens to pass through the opening; when, after breaking the glass of a door or window, he pokes a stick inside for the purpose of unlatching the door; when the defendant throws a boulder at a window, and it smashes the window and lands on the inside, it having been thrown merely for the purpose of making an opening; or when the defendant, while standing outside, fires a bullet which smashes the lock of a door and lands inside, the gun having been discharged merely for the purpose of breaking the lock.' "

*Williams*, 127 Or App at 578-79. Those acts do not constitute "entry," because they are committed for the purpose of gaining access to the inside of the dwelling, not for the accomplishment of the criminal objective inside the dwelling. The

court quoted further from *Wharton*, for illustrations of the second category:

> " '[T]here is an entry when the defendant, after breaking a window, pokes a stick inside for the purpose of impaling and stealing a fur coat; when, after breaking a window, the defendant pushes the barrel of a gun through the opening for the purpose of shooting and killing the occupant; or when the defendant, while standing outside, fires a bullet which pierces a window and lands inside, the gun having been discharged for the purpose of killing the occupant.' "

*Williams*, 127 Or App at 579, *citing* 3 *Wharton's Criminal Law* § 333.

Thus, in *Williams*, relying on *Wharton*, we reasoned that a penetration into the dwelling by an instrumentality other than the person is an "entry" for purposes of burglary when the purpose of the intrusion of the instrumentality is the accomplishment of the criminal objective of the burglary inside the dwelling. In *Williams*, we held that the firing of bullets into the house for the purpose of tampering with a witness who was inside the house was not merely an act to facilitate entry, but was an act to achieve a criminal purpose inside the dwelling and was, accordingly, an "entry," under ORS 164.225.

Here, in contrast, defendant's act of throwing the board for the purpose of breaking the window is analogous to the first category discussed in 3 *Wharton's Criminal Law* § 333. Although, as the state asserts, defendant had an intent to commit criminal mischief in throwing the board, that intent was directed to the purpose of gaining entry into the apartment and not to the achievement of a criminal purpose inside the dwelling. The state does not dispute defendant's assertion that he did not intend to commit criminal mischief inside the dwelling. Accordingly, we conclude that the evidence of defendant's intent when he entered the victim's apartment is not sufficient to permit the trial court to determine that defendant committed the crime of burglary in the first degree that was charged in the indictment.

Conviction of burglary in the first degree reversed; otherwise affirmed.