## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANNY LEE MOLVER,
*Defendant-Appellant.*

Linn County Circuit Court
05092004; A137070

225 P3d 136

Peter Gartlan, Chief Defender, and Ryan T. O'Connor, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

LANDAU, P. J.

Defendant was charged by indictment with felony driving while under the influence of intoxicants (DUII). ORS 813.010(5)(a). Before trial, he demurred to the indictment on the ground that the state failed to comply with what he contends is a requirement of ORS 813.326 to identify by date and location the three prior convictions on which the state intended to rely. The trial court disallowed the demurrer. Defendant then pleaded no contest and was convicted. He appeals, again challenging the sufficiency of the indictment on the ground that it fails to satisfy what he contends are the requirements of ORS 813.326. He also contends that, in any event, the indictment was not sufficiently definite and certain to put him on notice as to the nature of the charges against him. We affirm.

The relevant facts are procedural and not in dispute. Defendant originally was charged with felony DUII by information. The information alleged that, among other things, defendant had been convicted of DUII three times in the 10 years prior to the current offense; it also identified three specific convictions by county, case number, and date of conviction.[1] Approximately 10 weeks later, the state filed a superseding indictment, which included the following count:

> "The defendant, on or about September 8, 2005, in Linn County, Oregon, did unlawfully and feloniously drive a motor vehicle upon a public highway or premises open to the public while under the influence of intoxicants, to-wit: alcohol, defendant having been previously convicted of driving under the influence of intoxicants at least three times in the ten years prior to the date of the current offense."

Unlike the information, the indictment did not specifically identify the three prior convictions.

In the hearing on defendant's demurrer, he acknowledged that he was aware of which particular prior convictions the state intended to rely on. He nevertheless argued that, in

---

[1] At the hearing on defendant's demurrer, the state conceded that, as alleged in the information, the date of conviction in one of the cases was erroneous. That factual error is not pertinent to the issue on appeal.

light of the requirement in ORS 813.326 that, in a prosecution for felony DUII, "the state shall plead the prior convictions and shall prove the prior convictions unless the defendant stipulates to that fact prior to trial," the indictment in his case was deficient for failure to specifically describe those convictions. In defendant's view, where the state had failed to identify the particular convictions, the indictment alleged only misdemeanor DUII. The state disagreed that it was required under ORS 813.326 to allege the specific offenses; it also noted that defendant had notice of those offenses by way of the superseded information and that he had been further informed in that regard by way of discovery. The trial court agreed with the state's latter argument and disallowed the demurrer.

On appeal, defendant argues that, although he had been informed of the relevant convictions by other means, ORS 813.326(1) required the state to plead the convictions in the indictment by date and location. In support of that argument, defendant notes that, under Article I, section 11, of the Oregon Constitution, all material elements of a crime must be found by a grand jury and charged in the indictment and that, under Article VII (Amended), section 5, of the Oregon Constitution, only the grand jury can amend the indictment. According to defendant, the wording of the relevant statutes makes clear that the legislature intended that a defendant's specific, prior convictions are material elements of felony DUII. Defendant further argues that the absence of the relevant information hindered his ability to prepare a defense, such as the defense that one or more of the relied-on prior convictions was outside the required 10-year period; and that it hindered the ability of the trial court to determine whether the facts charged were sufficient to support a conviction. *See, e.g., State v. Burns,* 213 Or App 38, 42, 159 P3d 1208 (2007), *rev dismissed,* 345 Or 302 (2008) (purposes of indictment include providing notice so as to enable the defendant to prepare a defense, protecting against additional prosecution for same crime, informing trial court as to charges, and ensuring that offense for which the defendant is tried is based on facts found by a grand jury).

Alternatively, defendant argues that, even if the indictment sufficiently alleged felony DUII by tracking the language of ORS 813.010, it was insufficiently definite and

certain in violation of ORS 135.630(2) and ORS 135.550(7), and that pretrial discovery was insufficient to cure that deficiency. *See State v. Sanders*, 280 Or 685, 691, 572 P2d 1307 (1977) (in indicting the defendant for burglary, the state was required to specify the crime that it alleged the defendant intended to commit upon his unlawful entry into the building); *State v. Kincaid*, 78 Or App 23, 30, 714 P2d 624 (1986) (in indicting the defendant under Oregon Racketeer Influenced and Corrupt Organization Act, the state was required to plead specific facts constituting predicate offenses that the state intended to prove; where discovery disclosed numerous predicate offenses, some of which the state might not intend to prove, discovery did not cure lack of specificity in indictment). Defendant argues that, where felony DUII "presents significant investigative challenges to a defendant," including investigation for the purpose of attacking the previous convictions as constitutionally invalid, *see State v. Probst*, 339 Or 612, 625-30, 124 P3d 1237 (2005), requiring such specificity was the legislature's precise purpose in enacting ORS 813.326. Finally, he argues that the inclusion of specific convictions in the superseded information did not cure that problem because, in the absence of equivalent specifics in the indictment, he could not be certain that the state intended to continue to rely on the same convictions.

The state responds that, although the fact that defendant was convicted of DUII on three occasions in the previous 10 years is an element of felony DUII, the *dates and locations* of the previous DUII convictions that the state intends to rely on are not material elements of that crime and therefore need not be alleged in the indictment. The state notes that the text of ORS 813.326 refers only to the state's obligation generally to plead and prove "the prior convictions," without further specificity or detail. The state further argues that the indictment was sufficiently definite and certain because it stated the acts constituting the offense "in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended," as required by ORS 132.550(7). For the reasons that follow, we agree with the state.

As discussed, an indictment must contain, in substance, a "statement of the acts constituting the offense in ordinary and concise language, without repetition, and in

such manner as to enable a person of common understanding to know what is intended." ORS 132.550(7). As the Supreme Court explained in *State v. Fair*, 326 Or 485, 953 P2d 383 (1998), an indictment serves three main functions:

"(1) to inform the defendant of the nature of the crime with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the defendant to avail himself of his conviction or acquittal thereof if he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction."

*Id.* at 489 (citing, *inter alia, State v. Montez*, 309 Or 564, 596-97, 789 P2d 1352 (1990)); *accord* Or Const, Art I, § 11 (the accused has a right "to demand the nature and cause of the accusation against him"). An indictment ordinarily is sufficient to serve those functions and to withstand a demurrer if it tracks the pertinent wording of the statute defining the crime. *Fair*, 326 Or at 490. However, an exception exists where discovery is unlikely to inform the defendant of the specific criminal conduct that the state intends to prove. *Sanders*, 280 Or at 690.

■ Defendant does not dispute that the indictment in this case sufficiently "tracked" the wording of the relevant portions of ORS 813.010, noted above. Accordingly, we first determine whether ORS 813.326(1) required greater specificity, a task that involves application of the interpretive method set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as modified by subsequent amendments to ORS 174.020 and by the Oregon Supreme Court's interpretation of that statute in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). According to that method, we examine the text and context of the statute, as well as any relevant legislative history that the parties have offered, giving that history such weight, if any, as it appears to merit. *Id.* at 171-72. If we conclude that ORS 813.326(1) itself did not require the state to plead the specifics of the relevant prior convictions, we then consider whether the indictment nevertheless was insufficient by reason of its lack of definiteness and certainty.

■  ORS 813.326(1) provides, in part:

"In a prosecution for felony driving while under the influence of intoxicants under ORS 813.010, the state shall plead the prior convictions and shall prove the prior convictions unless the defendant stipulates to that fact prior to trial."

By its terms, ORS 813.326(1) requires the state to "plead the prior convictions." That phrase, in isolation, is susceptible to competing interpretations: it reasonably could mean that the state must plead the specifics of the prior convictions, or it reasonably could mean only that the state must plead the existence of the prior convictions, without specifics.

■  We do not consider a portion of a statute in isolation, however. *See To v. State Farm Mutual Ins.*, 319 Or 93, 99, 873 P2d 1072 (1994) (court does not consider phrase in isolation but considers it in context of statutory provision as a whole). In this case, the remainder of the provision sheds significant light on the proper resolution of that apparent ambiguity.

ORS 813.326(1) requires the state to plead the defendant's prior convictions and to "prove the prior convictions unless the defendant stipulates to *that fact* prior to trial." (Emphasis added.) The words "that fact," in the singular, clearly refer back to the phrase "the prior convictions." From that phrasing, it is apparent that the legislature contemplated that "the prior convictions" constituted a single fact. If the legislature had intended to require the state to prove the specifics of each individual prior conviction, such specifics would entail proof of multiple facts, including the different dates and locations of each of the three prior convictions. It stands to reason that, if the legislature had that in mind, it would have clearly said so, by requiring pleading and proof of "those facts," using the plural. *See, e.g., Schuette v. Dept. of Revenue*, 326 Or 213, 217-18, 951 P2d 690 (1997) (legislature's use of singular, as opposed to plural, terms is significant evidence of its intent).

It may be noted that the statute's reference to "that fact" refers back to the state's obligation to *prove* a defendant's "prior convictions," and not to the state's obligation to

*plead* those convictions. But the point remains that the singular term refers to the phrase "the prior convictions," which is the identical phrase that the statute employs in reference to the state's pleading obligation. Where the legislature used the phrase "the prior convictions" in both portions of the statute—indeed, in the same sentence—we infer that each usage has the same meaning. *See PGE*, 317 Or at 611 (use of same word or phrase throughout statute demonstrates that word or phrase has same meaning throughout statute). In short, the phrasing of the statute demonstrates that the legislature, in requiring the state to plead the defendant's "prior convictions," intended to require the state to plead only the existence of those convictions, not the details as to the dates and locations of those convictions.

■        Other provisions of ORS 813.326 support our understanding that that statute does not require the state to plead the specifics of a defendant's prior convictions. ORS 813.326(1)(b) provides, in part, that "[t]he defendant's stipulation to the prior convictions constitutes a judicial *admission* to that *element* of the accusatory instrument." (Emphasis added.) Like the legislature's use of the singular noun "fact" in the phrase "that fact," its use of the singular nouns "admission" and "element" demonstrates that it considered a defendant's prior convictions to have significance in regard to their existence as a collective entirety rather than in regard to their individual and separate identities. Stated another way, for the purpose of ORS 813.326, a defendant's "prior convictions" constitute a single element, albeit consisting of multiple components.

We conclude that the state was not required to plead the specifics of defendant's prior convictions in the indictment. It follows that defendant was not entitled to allowance of his demurrer on that ground.

■        We turn to whether the indictment was sufficiently definite and certain. As noted, the trial court concluded that it was. Relying primarily on *Sanders*, defendant argues to the contrary. For the following reasons, we reject that argument.

As previously discussed, an indictment ordinarily is sufficient if it tracks the pertinent wording of the statute

defining the crime. *Sanders* establishes an exception to that rule, which applies where pretrial discovery is unlikely to inform the defendant of the specific criminal conduct that the state intends to prove. *See Fair*, 326 Or at 490 (stating general rule); *Sanders*, 280 Or at 690 (noting exception). As the Supreme Court demonstrated in *Fair*, the general rule may apply even when charges in an indictment are complex, such as when the charged crimes are susceptible of proof under multiple theories.

In *Fair*, the defendant was charged with racketeering under ORS 166.720(3), which provides that "[i]t is unlawful for any person * * * associated with[ ] any enterprise to conduct or participate, directly or indirectly, in such enterprise through a *pattern of racketeering activity* * * *." (Emphasis added.) "Pattern of racketeering activity" is defined as "engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents * * *." ORS 166.715(4). The indictment in that case listed various crimes committed by the defendant that constituted "incidents of racketeering activity" and alleged, in language tracking ORS 166.715(4), that those incidents constituted a "pattern of racketeering activity." *Fair*, 326 Or at 487-88.

The defendant in *Fair* contended that an indictment for racketeering that merely tracked the statutory definition of "pattern of racketeering activity" was insufficient; according to the defendant, the indictment was required to allege facts demonstrating particular kinds of similarities or distinguishing characteristics of, or a particular nexus among, the predicate "incidents" or offenses. *Id.* at 488. This court agreed, concluding that the statutory definition of "pattern" allowed proof of several kinds of possible relationships among the alleged offenses and that the indictment therefore was insufficiently specific to allow the defendant to defend against the charge. *Id.* at 489 (citing *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1996), *rev'd*, 326 Or 485, 953 P2d 383 (1998)). The Supreme Court, however, disagreed:

"At its core, defendant's argument is that the charged crime is complex, making the indictment difficult to defend against. But complex is not the same as uncertain, and difficult is not the same as indefinite. Even if it is complex or difficult to defend against, an indictment may allege multiple theories of committing the same crime in the words of the statute defining the crime. The racketeering indictment in this case was sufficiently definite and certain to fulfill the constitutional and statutory functions that this court has identified."

*Id.* at 491. The court therefore affirmed the trial court's disallowance of the defendant's demurrer.

We applied the Supreme Court's reasoning in *Fair* to a similar argument in *State v. Magana*, 212 Or App 553, 159 P3d 1163, *rev den*, 343 Or 363 (2007). In that case, the defendant was charged with official misconduct, coercion, and numerous other offenses. The official misconduct and coercion counts tracked the wording of the relevant offense statutes. The defendant demurred, arguing that, because the statutes defining those offenses "contain so many alternatives" and the discovery provided by the state was voluminous, those counts were insufficient to apprise him of what conduct was alleged to constitute the offenses. *Magana*, 212 Or App at 556-58. Citing *Fair*, we concluded that, although the charged offenses were complex and therefore difficult to defend against, the charges were not insufficiently pleaded. *Magana*, 212 Or App at 559. Distinguishing *Sanders*, we further concluded that discovery reasonably could be expected to supply the defendant with the necessary specificity. *See Magana*, 212 Or App at 559-60 (exception in *Sanders* to general rule that language of offense statute is sufficient pertains to types of information as to which discovery cannot reasonably be expected to provide the requisite specificity; *Sanders* simply recognized that in certain limited situations discovery would not supply the missing information). We concluded that the trial court properly had disallowed the defendant's demurrer. *Magana*, 212 Or App at 560.

Again, the indictment in this case alleged that defendant "did unlawfully and feloniously drive a motor vehicle * * * while under the influence of intoxicants * * * defendant

having been previously convicted of driving under the influence of intoxicants at least three times in the ten years prior to the date of the current offense." As discussed, the language in the indictment tracked the language of ORS 813.010(5), and ORS 813.326(1) does not require greater specificity as to defendant's prior convictions. The only remaining question is whether the "complexity" of the charge—here, the possibility of alternative "theories" as to which prior convictions formed the predicate for the charge—rendered the indictment insufficient.

We answer that question in the negative. It is apparent that the complexity, if any, of the charge in this case is of both a different type and far lesser magnitude than that of the charges in *Fair*, in which the state alleged a "pattern" of criminal conduct that implicated multiple theories as to the manner in which the predicate offenses were related to each other and, therefore, the manner in which the defendant had committed the crime, but as to which the Supreme Court concluded that the indictment was sufficient. *See* 326 Or at 491. In this case, the only potential complexity in the felony DUII charge at issue arose from the fact that the charge referred to unspecified predicate convictions; there was no question of any relationship among those predicate convictions or any other second-order complexity, but merely a question of their identity—their dates and locations. That lack of specificity was readily resolvable through discovery. The trial court did not err in disallowing defendant's demurrer to the indictment on the ground that it was insufficiently definite and certain.

Affirmed.