Submitted January 28, 2011, conviction for attempted first-degree burglary reversed and remanded; remanded for resentencing; otherwise affirmed February 8, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID A. FREY,
*Defendant-Appellant.*

Marion County Circuit Court
08C51512; A141355

273 P3d 143

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. David A. Frey filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals a judgment of conviction for attempted burglary in the first degree with a firearm and numerous other offenses. ORS 164.225; ORS 161.405; ORS 161.610. Defendant contends, *inter alia*, that, under *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), *cert den*, 510 US 1013 (1993), the trial court erred in failing to instruct the jury, with respect to the attempted burglary charge, that at least 10 jurors must agree on which specific crime defendant intended to commit when attempting to enter the dwelling. Defendant also contends that the trial court erred in imposing upward departure sentences on two other convictions. As amplified below, we conclude that the trial court's instruction on the attempted burglary charge was erroneous in that it failed to require juror concurrence on the specific crime that defendant intended to commit upon entry. Accordingly, we reverse and remand defendant's conviction for attempted first-degree burglary and, pursuant to ORS 138.222(5)(b), remand for resentencing on the other counts.[1]

"We review the trial court's jury instructions for errors of law. In determining whether instructional error requires reversal, we consider the jury instructions as a whole in assessing potential prejudice." *State v. Rennells*, 213 Or App 423, 425-26, 162 P3d 1006 (2007) (citations omitted). The facts, insofar as they pertain to our review of the alleged instructional error, are as follows.

In 2008, defendant was separated from his wife. In August 2008, wife was living with her boyfriend in his Keizer apartment along with wife's two young daughters, the younger of whom is also defendant's daughter. On August 28, 2008, wife called defendant to express her anger at him regarding an incident in a public park earlier that day during which defendant had confronted the boyfriend about his relationship with wife. After that phone conversation, defendant drove to the Keizer apartment complex and parked his truck in front of wife and the boyfriend's apartment. When she saw defendant arrive, wife went out of the apartment and angrily

---

[1] Defendant raises further assignments in his *pro se* brief. We reject them without further discussion.

confronted him in the parking lot. Wife told defendant that she hated him and did not want to be with him. Defendant then grabbed wife, but she freed herself, and eventually defendant turned and walked away. Shortly thereafter, however, defendant returned to his truck in front of the apartment.

While defendant and wife had been arguing in the parking lot, another tenant had alerted the apartment complex resident manager about the disturbance. The manager went to investigate and encountered wife, who was upset, near her apartment entrance and saw defendant standing at his truck with the door ajar. After determining that the situation was beyond her control, the manager told wife to take her children inside and dialed 9-1-1. Wife went into the apartment, and the manager and wife's boyfriend remained outside while the manager spoke to the 9-1-1 operator. At that point, defendant pulled a rifle out of his truck cab and walked toward the manager and the boyfriend, who were both facing him. The manager pushed the boyfriend into his apartment and followed behind him. The manager then locked the external door, took wife and the two girls into the bathroom, and locked the bathroom door while the boyfriend remained in the living room and locked the windows.

Defendant approached the apartment door, kicked it, and yelled, "I am going to kill you." Defendant also said that he was going to kill himself. Defendant attempted to load the rifle but failed and became frustrated. He then threw the rifle down on the ground near the apartment door and ran away. A police officer apprehended defendant as he was leaving the apartment complex.

The state charged defendant with, *inter alia,* attempted first-degree burglary with a firearm.[2] Count 1 of the indictment alleged, in part:

---

[2] As pertinent here, ORS 164.225(1) provides, in part, "A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling[.]"

ORS 164.215(1), in turn, provides, "Except as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

Finally, ORS 161.405(1) provides, "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

"The defendant, on or about August 28, 2008, in Marion County, Oregon, did unlawfully and intentionally attempt to enter a dwelling * * * *with the intent to commit the crime of Unlawful Use of a Weapon, Menacing, Assault and Murder therein.*"

(Emphasis added.) The case proceeded to trial before a jury, and the court instructed the jury on Count 1 as follows:

"Oregon law provides that a person commits the crime of attempted burglary in the first degree if the person intentionally attempts to enter unlawfully into a dwelling with the intent to commit a crime therein. In this particular case for count one, to establish the crime of attempted burglary in the first degree, the State must prove beyond a reasonable doubt each of the following five elements: First, that the act occurred in Marion County. Second, that the act occurred on or about August 28, 2008. Third, that [defendant] intentionally attempted to enter unlawfully in the premises described in the charge. Four, that the premises described in the charge is a dwelling. And five, that at the time of the attempt to enter unlawfully [defendant] had the *intent to commit the crime of unlawful use of a weapon, menacing, assault, or murder therein.*"

(Emphasis added.)

After the court dismissed the jury for deliberation, defendant, pursuant to ORCP 59 H, excepted to that jury instruction during the following colloquy:

"THE COURT: Okay. Any exceptions to the jury instructions?

"* * * * *

"[DEFENSE COUNSEL]: Yes, Your Honor, just a couple. As I had indicated before, with regard to the attempted burglary in the first degree with a firearm, we would except to the—I guess the—

"THE COURT: The 'or'?

"[DEFENSE COUNSEL]: The 'or,' yeah.

"* * * * *

"And we would have asked that the State at least elect one or that there be a requirement that ten or more agree

on what the crime is that [defendant] would have—alleged to have been committed. * * *

"THE COURT: I note your exception and hope that [the prosecutor is] correct. It'll all be on his shoulders.

"[DEFENSE COUNSEL]: Well, and curiously, you know, I think I had mentioned—we talked about *Boots*[, 308 Or 371,] as being one of the cases out there, and I think there was another one—[*State v. Sparks*, 336 Or 298, 83 P3d 304 (2004),] * * *.

"* * * * *

"* * * I think I've said everything I need to say, Your Honor.

"THE COURT: Okay.

"[DEFENSE COUNSEL]: And I understand—we talked about most of these in chambers and I think the Court—I hope none of it came as a surprise to you.

"THE COURT: I'll note your exceptions.

"[DEFENSE COUNSEL]: Thank you."

The jury ultimately convicted defendant of attempted first-degree burglary with a firearm and six other related counts. ORS 164.225; ORS 161.405; ORS 161.610. Defendant appeals from the ensuing judgment.

Defendant assigns error to the trial court's failure to instruct the jury that it had to agree on which specific crime defendant intended to commit when defendant attempted to enter the apartment. The state responds that defendant's *Boots* argument is unpreserved because (1) there is no adverse ruling to appeal, (2) there is no request for a jury concurrence instruction in the trial record, and (3) defendant failed to identify the alleged error to the trial court as required by ORCP 59 H.[3] Moreover, the state argues, the

---

[3] ORCP 59 H provides:

"H(1) A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury.

trial court was not required to give the so-called *"Boots instruction"* because the specific crime that defendant intended to commit is not a material fact essential to the conviction for attempted burglary.

The state's preservation argument fails because the above-recited colloquy shows that defendant squarely presented the issue to the trial court by way of a post-nstructional exception, as required by ORCP 59 H and, thus, satisfied the procedural and prudential preservation requirements. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (explaining that the purpose of preservation, in part, is " 'to permit the trial judge a chance to consider the legal contention or to correct an error already made' " (quoting *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977))). The record is patent that the trial court understood the precise nature of defendant's objection—*viz.*, that, consistently with *Boots*, 10 or more jurors should be required to agree on the crime that defendant intended to commit upon entry. Indeed, as the trial court candidly acknowledged, I * * * hope that [the prosecutor is] correct. It'll all be on his shoulders." We conclude that the issue is preserved and proceed to the merits.

The jury concurrence requirement derives from the Oregon Constitution, statute, and case law. Article I, section 11, of the Oregon Constitution provides, in part, "In all criminal prosecutions * * * in the circuit court ten members of the jury may render a verdict of guilty or not guilty." In addition, ORS 136.450(1) requires that "the verdict of a trial jury in a criminal action shall be by concurrence of at least 10 of 12 jurors." In *Boots*, the Supreme Court held that the jury must agree on all of the material facts leading to a conviction. 308 Or at 380 (stating that the jury concurrence rule " 'requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged' " (quoting *United States v. Gipson*, 553 F2d 453 (5th Cir 1977))); *see also State*

---

"H(2) A party shall state with particularity any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

*v. Lotches*, 331 Or 455, 468-70, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001) (same). A jury concurrence instruction (or *"Boots* instruction") prevents juror confusion and ensures that the jurors agree upon the specific factual predicates for the conviction.[4]

The issue that this case presents is whether the specific crime that defendant intended to commit is a material fact upon which the jury must concur in order to convict defendant of attempted burglary. The state contends that the jury need only agree that defendant intended to commit *a* crime and that the *specific* crime that defendant intended to commit is not essential to the burglary conviction. Defendant remonstrates that, under *Boots*, the jury must agree on the specific crime that defendant attempted to commit when he attempted to enter the apartment. In particular, defendant invokes *State v. Sanders*, 280 Or 685, 572 P2d 1307 (1977), for the proposition that the specific crime that defendant intended to commit is a material fact in a prosecution for attempted burglary.

In *Sanders*, the defendant, who was charged with second-degree burglary, demurred to the indictment, which was phrased in the language of the predicate statute, ORS 164.215(1), *viz.*, that the defendant "did * * * unlawfully * * * enter a building * * * with the intent to commit a crime therein." 280 Or at 687 (omission in *Sanders*). The defendant contended that the indictment was defective, notwithstanding that it tracked the statutory language, in that it failed to "specify the crime it charges the defendant intended to commit when he allegedly unlawfully entered the building." *Id.* The trial court denied the demurer, and the defendant was ultimately convicted. *Id.* We affirmed. *State v. Sanders*, 28 Or App 141, 558 P2d 1276 (1977).

On appeal, the Supreme Court reversed, holding that the trial court had erred in denying the demurrer. In so holding, the court emphasized, *inter alia*, that "[f]or many years the Oregon practice with burglary statutes of various

---

[4] *See also State v. Pauley*, 211 Or App 674, 679 n 4, 156 P3d 128 (2007), *rev den*, 345 Or 318 (2008) ("In some circumstances, such as when the state makes an election as to the conduct underlying a particular charge, jury concurrence can be ensured without an express concurrence instruction.").

forms has been to specify the particular crime intended at the time of the breaking and entering." *Sanders*, 280 Or at 688. The Supreme Court further noted that the state had not identified any prejudice from "requiring it to continue to specify the crime it charges the defendant intended to commit, other than having placed upon it the usual burden of alleging *and proving each element of the crime charged." Id.* at 689 (emphasis added). Thus, in *Sanders*, the Supreme Court reaffirmed the long-established requirement under Oregon law that the state, to convict of burglary, must plead and prove the specific crime that the defendant intended to commit upon entry.

That principle controls here. The test for "whether a *Boots* instruction is required is whether the law or the indictment has made the fact at issue 'essential to the crime charged.' " *State v. Pauley*, 211 Or App 674, 680, 156 P3d 128 (2007), *rev den*, 345 Or 318 (2008) (referring to *Boots*, 308 Or at 379). Under *Sanders*, the "fact at issue" here—*viz.*, the specific crime that defendant intended to commit upon entry—is "essential to the crime charged." *Pauley*, 211 Or App at 680. Accordingly, the jury must concur on the specific crime that defendant intended to commit when defendant attempted the unlawful entry.[5]

We note, moreover, that this case does not involve a circumstance in which the indictment charged alternative crimes, each of which is a lesser-included or greater-included offense of the others. If that were the case, jury concurrence on (at least) the lesser-included offense would be necessarily implicit, even in the absence of a *Boots* instruction. Rather, here, the indictment charged four independently distinct offenses as alternative crimes that defendant allegedly intended to commit upon entry—presenting the potential that the jury could have convicted on any number of nonconcurrent permutations. Thus, without instructing the jurors on concurrence, and absent the state's election, there is no way to ensure that 10 jurors agreed on which alleged crime

---

[5] To be sure, *Sanders* pertained to a completed second-degree burglary, while defendant here was charged with *attempted* burglary. Nevertheless, we discern no principled reason why *Sanders*'s rationale should not be equally applicable in this context, and the state has identified none. Indeed, respondent's brief does not even mention, much less substantially address, *Sanders*.

(or crimes) defendant intended to commit. That result violates the *Boots* jury concurrence requirement. Accordingly, we reverse and remand.

Conviction for attempted first-degree burglary reversed and remanded; remanded for resentencing; otherwise affirmed.